**Kendra Ankrum Ortiz ISB #11169**
ANKRUM ORTIZ LAW OFFICE, PLLC
10400 W. Overland Rd. #309
Boise, Idaho 83709
Email:  kendra@aolawoffice.com
Telephone:  (208) 297-3324

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHERINE ANGEVINE McKINSTRY, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>WHEATON GROUP, INC., an Indiana corporation;<br>WHEATON WORLD WIDE MOVING, an Indiana corporation;<br>BEKINS VAN LINES, INC. an Indiana corporation;<br>AND<br>PRORELO INC., a New Mexico corporation;<br><br>                              Defendants. | **CASE NO. 1:21-cv-444**<br><br>**COMPLAINT FOR:**<br>1.  Violation of Federal Consumer Protection Laws<br>2.  Violation of the Idaho Consumer Protection Act<br>3.  Violation of the New Mexico Unfair Practices Act<br>4.  Negligent Misrepresentation<br>5.  Breach of Contract<br>6.  Breach of Covenant of Good Faith And Fair Dealing<br>7.  Fraud<br>8.  Negligent Infliction of Emotional Distress<br><br>**JURY TRIAL DEMAND** |

**COMES NOW**, Plaintiff KATHERINE ANGEVINE McKINSTRY, an individual, presenting their complaint herein against Defendants WHEATON GROUP, INC., an Indiana corporation, WHEATON WORLD WIDE MOVING, an Indiana corporation, BEKINS VAN LINES, INC., an Indiana corporation, and PRORELO, INC., a New Mexico corporation, and demanding trial by jury, complains and alleges as follows:

**NATURE OF THE CASE**

1.         This action arises as a result of Prorelo, and all Defendants through their agency relationship and/or actions of each, inducing Plaintiff to agree to a contract for moving services through the use of fraudulent misrepresentations about and unfair and deceptive practices with respect to the packing, storage, and delivery of the entirety of Plaintiff's worldly possessions from Albuquerque, New Mexico to Boise, Idaho.

2.         Defendants misrepresented the quality, characteristics, and capability of their moving services, including but not limited to: the care and respect given to the entirety of Plaintiff's worldly possessions, the services that would be performed, and the provision of insurance should items be damaged or lost.

3.         Defendants not only overpromised, but also committed fraud in order to induce Plaintiff into hiring them for her move. This includes promising an insurance policy which Defendants have since failed to acknowledged and false statements provided on Defendant ProRelo's website, resulting in substantial losses to Plaintiff exceeding $150,000 in damaged items, the cost of services that were not performed or were performed below the industries standard of care, personal time and expense incurred by Plaintiff.

4.         Additionally, the Defendants negligently inflicted emotional distress upon Plaintiff when she realized that a large portion of her possessions were either lost, damaged, or destroyed. Among the thirteen (13) paintings lost while in Defendants' control was a painting from the late 1800's done by Plaintiff's grandmother and a painting from early 2000's done by Plaintiff's life partner. These two paintings are priceless because of the sentimental value as both artists are no longer living. Defendants compounded the emotional distress by refusing to acknowledge the

wrongs done, by refusing to compensate Plaintiff for the losses, and forcing Plaintiff to spend the last year fighting the injustice of Defendants actions.

5.        Through this action, Plaintiff seeks to recover the damages to her personal property and for the negligent emotional stress inflicted by Defendants, to stop Defendants' fraudulent practices, and to punish Defendants' blatant violation of consumer protections.

## JURISDICTION AND VENUE

6.        This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1337 and Section 4 of the Clayton Act, 15 U.S.C. §15(a).

7.        This Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1332, providing for jurisdiction where, as here, the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship.

8.        This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same nucleus of operative facts as Plaintiffs' claims arising under federal law such that they form part of the same case or controversy.

9.        Venue is proper in this Court pursuant to 15 U.S.C. § 15, 15 U.S.C. §22, and 28 U.S.C. §1391. One or more Defendants transacted business, were found, or had agents in this District, and a substantial portion of the affected interstate trade and commerce described in this Complaint was carried out in this District.

## PARTIES

10.        Plaintiff KATHERINE ANGEVINE McKINSTRY, ("Plaintiff" or "McKinstry"), is a resident of the State of Idaho, County of Ada.

11.         Plaintiff is informed and believes and thereon alleges that Defendant THE WHEATON GROUP, is a corporation duly organized and existing under the laws of the State of Indiana, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

12.         Plaintiff is informed and believes and thereon alleges that Defendant WHEATON WORLD WIDE MOVING is either wholly or partially owned by THE WHEATON GROUP or another subsidiary thereof, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

13.         Plaintiff is informed and believes and thereon alleges that Defendant BEKINS VAN LINES, INC. ("Bekins") is either wholly or partially owned by THE WHEATON GROUP or another subsidiary thereof, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

14.         Plaintiff is informed and believes and thereon alleges that Defendant PRORELO, INC. ("ProRelo") is a corporation duly organized and existing under the laws of the State of New Mexico and has its principal place of business at 1600 1st Street NW, Albuquerque, NM 87102.

15.         Plaintiff is informed and believes and thereon alleges that Defendant PRORELO MOVING AND STORAGE is in a contractual relationship as an agent for BEKINS VAN LINES, INC..

16.         Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries, as hereinafter alleged, were proximately caused by the act of such Defendants, and each of them.

17.        Plaintiff is informed and believes and thereon alleges, that at all times mentioned, each of the Defendants was the agent and/or an subsidiary of each of the remaining Defendants and in so doing the things hereinafter alleged, was acting within the scope of such agency.

## FACTS COMMON TO ALL CLAIMS

18.        On September 21, 2020, Plaintiff contacted Defendant ProRelo to receive a quote on moving her household from Albuquerque, New Mexico to Boise, Idaho.

19.        During the inventory process and prior to engaging Defendants, Defendants made various assurances as to the care and safety of Plaintiff's property while in the possession of Defendants.

20.        The Defendant's representative during these conversations appeared very professional and answered all of Plaintiff's questions to her satisfaction.

21.        On September 22, 2020, Plaintiff received an email communication from ProRelo providing a cube inventory and a final Guaranteed quote ("Moving Contract") (Exhibit A) for $24,621.39. In said email, Defendants indicated they would provide a $150,000 insurance policy with a $0 deductible for any damaged or lost items while in Defendants' control and care. The Defendants indicated this was to provide assurance that all of Plaintiff's possessions would be well taken care of as she had previously indicated that her possessions were not only valuable, but held significant sentimental value.

22.        Said email indicated that the quote included full replacement insurance, one month storage at Defendants' facility, and moveout cleaning of the home. There was also a verbal

guarantee that the movers in Boise would assist Plaintiff with setting up furniture and placing boxes in the appropriate rooms. Defendants guaranteed that they would

23.        Further, the Moving Contract included said terms: insurance for transportation with a Full Value Replacement at $150,000 and a deductible of $0; and insurance for storage with a Storage Valuation at $150,000 and a deductible of $0. *See* Exhibit A.

24.        Plaintiff believed she would receive a quality moving service and therefore entrusted Defendants with almost everything she owned.

25.        On September 23, 2020, Plaintiff sent an email to Defendants indicating she would like to engage their services and included a specific list of items that Plaintiff was most concerned about during the move. Among said items specifically listed, two of the paintings are completely missing and four items of furniture were damaged.

26.        On September 24, 2020, Plaintiff received a response from Defendants stating "The items that you are concerned about obviously we are concerned about, too. We intend to take good care of all of those pieces because if for no other reason, we are insuring them."

27.        On September 24, 2020, Plaintiff received an email from Defendants indicating dates and times for packing and loading Plaintiff's possessions. This email also directed Plaintiff to Defendant's FAQ page website, a "Moving Picture Gallery", and a "Drone Video Tour" of the actual storage facility. The websites contained the following:

> Looking for the best professional moving and storage company in New Mexico? Look no further. You just found us. ProRelo Inc. stands for "professional relocation" because that is exactly what you want in a mover and that is exactly the service we provide from start to finish.

Here at ProRelo, the focus is on quality service for a great value. We may not be the cheapest moving option, but when you need your move done the right way, we are the best option for a mover in Albuquerque or New Mexico. Did you know we are an Angie's List member company? In fact, we're the only major New Mexico moving company on Angie's. We are **A rated** and even won Angie's famous and highly coveted "**Super Service Award**" for the high volume of outstanding reviews we received from members in 2014, 2015 and now 2016! We are also an **A+ rated member of the Better Business Bureau**.

insurance policies for the protection of our customers. You can rest assured that your goods are protected during the moving process. Many of our competitors are unlicensed and there's no one to hold them accountable if there are problems or damages during your move. **You wouldn't hire an unlicensed plumber, building contractor, or ambulance, so why hire an unlicensed mover?**

Bekins Moving Services of Albuquerque can take care of every physical aspect of your local (or interstate/international!) move so that you can do the things you need to do like setting up utility services for your new home. We can do your packing and unpacking for you. We have top-quality moving boxes, specialty bubble wrap and sanitized wrapping paper. You don't have to trust your china or collectibles to newspaper. We will safely and professionally wrap and pack your household goods as well as your furniture so that it doesn't get scratched or dinged during the move.

Here at ProRelo, we believe a picture or video is worth a thousand words. This video is of our actual Albuquerque facility and employees doing a typical day of work in our shipping and storage facility, condensed down to only about two minutes. Here at ProRelo, if your local, intra-state, out of state, or even international move requires any storage, our facility is insured, clean, safe, secure, and state of the art. We work hard everyday here to handle, protect, and safeguard the treasured possessions of our valued clients – from our household moving clients to our large online and retail customers that ship to us for final-mile delivery performance around the state and West Texas. Our storage and warehouse facility is over 50,000 square feet with twelve dock doors and a convenient location in the heart of Albuquerque. Thanks for watching our drone video!

28.     Many of the above statements refer to quality moving that can be trusted. Yet, the

Defendants' actions suggest anything but quality and trust. Defendant's boast:

"your goods are protected during the entire moving process …," and

"our facility is insured, clean, safe, secure, and state of the art[,]" and

"We work hard to handle, protect, and safeguard the treasured possessions of our valued clients …." and

"We will safely and professionally wrap and pack your household goods as well as your furniture so that it doesn't get scratched or dinged during the move."

Plaintiff and her possessions were not awarded any of these false promises.

29.     "we're the only major New Mexico moving company on Angie's" - There are at least six (6) moving companies on Angie's List serving the Albuquerque area that have a large interstate presence. Two (2) of these companies are also based out of New Mexico. Additionally, there are five (5) moving companies serving the Albuquerque area that have one the "highly coveted" Super Service Award for 2020, Defendants are not one of them.

30.     **"We are 'A rated'"** – Angie's List, or Angie.com now, does not have an identifiable letter rating system.

31.     "We … even won Angie's famous and highly coveted "Super Service Award" for the high volume of outstanding reviews we received from members in 2014, 2015 and now 2016! - Although Defendants may have won awards from Angie's List in 2014 and 2016, as Defendant ProRelo is using the Super Service Award Trademark for those years, there are no reports of Defendants receiving the reward in 2015, and in fact, Defendant Bekins' website only lists 2014 and 2015. A second 2016 award image is used in place of a 2015 award. Also, the criteria for receiving said award does not include "high volume of outstanding reviews."



32.         Moreover, since 2016, the reviews listed on Angie's List are either local services with mostly satisfied customers, or interstate services with six out of eight (6/8) customers giving a rating of 1 or 2.

33.         In addition to the false and misleading Angie's List representations, Defendants list a 2020 Presidents Club award, which Plaintiff is informed and believes and thereon alleges that said award was nonexistent or unearned and was meant to mislead customers. Even if we assume this award is referring to a legitimate award such as the Bekins Presidents Club or The Wheaton Group Presidents Club, ProRelo, nor its employees, are listed as recipients.



34.       Not only do Defendants use false and misleading statements, but by the fact that

they are false, Defendants are in direct violation of licensing laws:

"Bekins local moving services of Albuquerque is licensed by the state."

According to the New Mexico Public Regulation Commission, there is no current registration of a

company by the name of Bekins, ProRelo, or Wheaton.

> Bekins local moving services of Albuquerque is licensed by
> the state. Our trucks are inspected and our drivers and
> insurance are checked out regularly, so you can rest
> assured that your goods are safe with us and we are
> accountable for transporting them securely. We are the
> only moving company in New Mexico legally allowed to
> offer a guaranteed price for local and in-state moves, as
> well as around the country. Why trust your move to fly-by-
> night, unlicensed movers? Take the stress out of your move
> by dealing with a reputable, professional moving company.

35.       Defendants continue by providing false legal conclusions:

"We are the only moving company in New Mexico legally allowed

to offer a guaranteed price for local and in-state moves, as well as

around the country."

There is no legal right to offer a guaranteed price, nor is Defendant ProRelo the ONLY moving

company allowed to offer such price guarantees. In fact, these are well known and often used in

the moving industry.

36.        In addition to the aforementioned, Defendants made the following verbal representations to Plaintiff prior to Plaintiff agreeing to use Defendant's services:

      a. 'We have a tremendous level of satisfaction'

      b. 'We are very experienced'

      c. 'Your furniture and belonging are in great hands'

      d. 'Nothing will be damaged'

      e. 'We take extra care of your furniture and belongings'

      f. 'Trust us to provide you with a worry-free moving experience'

      g. 'Just to give you more piece of mind we are adding $150K special insurance'

      h. 'We pack all your items, store it here in ABQ, and all you have to do is call us and we deliver your items right away'

      i. 'Your items will be stored in a special place in our warehouse just for your items'

      j. 'You have nothing to worry about or be concerned about'

37.        Packing and loading of the entirety of Plaintiff's home was done on October 19-21, 2020.

38.        The final moving date was October 22, 2020 and the Defendants' agent again did a full household inventory. (Exhibit B).

39.        Plaintiff received delivery of her household on November 24, 2020. At the time of delivery, Plaintiff noticed that much of the furniture was damaged and asked the movers that were unloading the furniture about it. These movers took no responsibility and simply blamed the damaged furniture on the people who loaded the truck. They unloaded the entire truck in a rush without taking reasonable care to ensure there was no further damage done.

40.        Additionally, Defendants previously assured the Plaintiff that the movers unloading in Boise would provide assistance in setting up the furniture and placing items in the correct rooms.

The movers refused to do any of these things while unloading the moving truck. It was such an issue that the movers began acting unprofessionally and disrespectful.

41.        Plaintiff did not sign the landing slip indicating all of her items were present, as she had not been given adequate time to verify the full shipment arrived.

42.        Upon inspection of the items, there were numerous damaged items, along with thirteen (13) missing paintings.

43.        Defendant contacted ProRelo on November 24, 2020, expressing her concerns and displeasure with the movers and the condition of her possessions. ProRelo responded by stating that "Damage claims are handled quickly by Bekins corporate office upon being reported by the customer …."

44.        On December 30, 2020, Plaintiff began the claims process through Bekins and on January 29, 2021, successfully completed a Statement of Claim for Lost or Damaged Goods (Claim # 5536-1488, Exhibit C) ("Damage Claim"). Along with various damaged items, Plaintiff listed the thirteen (13) missing paintings.

45.        On March 9, 2021, almost three months later, Plaintiff received a response to the Damage Claim from a claims adjuster with The Wheaton Group, who indicated that the paintings cannot be found.

46.        Because of the Defendants' apparent lack of concern with finding the missing paintings, Plaintiff employed the law firm of Ankrum Ortiz Law Office, PLLC to attempt to recover the missing paintings and recover for damages sustained.

47.        On March 25, 2021, a demand letter was sent to Scott Ogden, General Counsel/Senior Vice President, at Bekins Van Lines, Inc. and Max Killman, President of ProRelo Moving and Storage. Said demand letters were sent via certified mail and were received on March

29, 2021, and March 30, 2021, respectively. This letter requested the thirteen missing paintings be found and returned, or in the alternative, a sum be paid as compensation. No response has been received to said letter.

48.     On March 25, 2021, Plaintiff received an email from a claims manager at The Wheaton Group in response to Plaintiff's Damage Claim. Attached to said email was a Settlement Letter offering to cover the repair costs of three damaged items. No mention was made as to the paintings or other damaged items, nor to the insurance policy promised prior to Plaintiff hiring the Defendants.

49.     Additionally, this email indicated that no liability would be had for any missing items as "everything we receive was accounted for at delivery and signed for as being received." Plaintiff intentionally did not sign upon delivery as she had not been given the opportunity to verify everything actually had been received.

50.     On March 25, 2021, Plaintiff's counsel responded to the Defendant's March 25 email indicating that the Plaintiff would not be accepting the settlement.

51.     A check was subsequently received from The Wheaton Group for the amount indicated in the Settlement Letter. This check was immediately returned to Defendants.

52.     On May 23, 2021, a police report was filed with the Albuquerque Police Department in regards to the missing paintings (Exhibit D).

53.     On May 27, 2021, a second demand letter was sent via email to Andrew Burns, General Counsel at Wheaton World Wide Moving; Max Killman, President of ProRelo Moving and Storage; and Brad Killman, Vice President and General Manager of ProRelo Moving and Storage.

54.        Said letter included a full inventory of affected items including: the missing paintings, items that were damaged beyond repair, items damaged yet still functional, items damaged but repairable, and estimated values for each. (Exhibit E).

55.        On July 14, 2021, an email was received from the Director of Claims at The Wheaton Group, acknowledging receipt of the second letter and indicating they were in the process of reviewing the information. No other communication has been received from the Defendants.

56.        As of the time of filing, there has been no substantive response to any of Plaintiff's demand letters or communications.

57.        Plaintiff subsequently filed this complaint due to Defendant's breach of contract, fraud, misrepresentation, and due to the blatant violations of the consumer protection acts.

58.        As a direct and proximate result of the fraudulent conduct by defendants, their agents, servants, and employees, Plaintiff has sustained compensable losses including attorney's fees, economic losses, the value of plaintiff's time, and emotional distress and discomfort from the loss of irreplaceable family heirlooms and damage to a majority of Plaintiff's possessions.

59.        In doing the acts described in this complaint, the Defendants acted deceitfully, oppressively, maliciously, and outrageously toward Plaintiff, with a constant disregard of plaintiffs' rights and with the intention of using the Defendants' economic and financial power and position to the detriment of Plaintiff, with the intention of benefitting Defendants financially, and intentionally causing or recklessly disregarding the probability of causing emotional distress to Plaintiff. Therefore, the Plaintiff is entitled to recover punitive and exemplary damages against the Defendants.

### FIRST CLAIM FOR RELIEF
**(Violation of Federal Consumer Protection Laws Against All Defendants)**

60.         Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 58, inclusive, as though set forth in full herein.

61.         The Defendants mode representations to Plaintiff in writing, orally, and through their website. These representations were not only misleading, but some were entirely false. Comments made directly to Plaintiff were intended to induce her into using their services, but the exact protection and care they promised, is what was violated. Furthermore, Defendants website boasts of awards and achievements which are fabricated or exaggerated to such an extent that they are intentional misrepresentations.

62.         The Defendants' actions constitute unfair and deceptive practices that occur in their trade or commerce, which amounts to unlawful usury and unjust enrichment.

63.         By reason of the foregoing, Plaintiff has been injured in an amount of at least $150,000, plus amounts already paid to Defendants.

64.         Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to injure Plaintiff. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## SECOND CLAIM FOR RELIEF
### (Violation of *Idaho Code § 48-601, et seq.*: Idaho Consumer Protection Act Against All Defendants)

65.         Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 63, inclusive, as though set forth in full herein.

66.         Defendants engage in trade and commerce in the state of Idaho by offering services to locations within the state of Idaho.

67.        Defendants' acts or practices set forth above are unfair and deceptive acts or practices in the conduct of trade or commerce under the Idaho Consumer Protection Act, Idaho Code § 48-601, et seq.

68.        Defendants knew or should have known that the information they provided to Plaintiff was untrue.

69.        Plaintiff has suffered an ascertainable loss of money and property as a direct result of Defendants' unfair or deceptive acts or practices, in an amount to be proven at trial, but not less than $150,000.

70.        Plaintiff is entitled to full repayment of all amounts paid to Defendants.

71.        Plaintiff reserves the right to seek amendment pursuant to Idaho Code § 6-1604 to add a claim for punitive damages because Defendants' acts and practices were repeated or flagrant violations of the Idaho Act.

72.        Plaintiff is entitled to reasonable attorney's fees and costs pursuant to Idaho Code § 48-608(5).

## THIRD CLAIM FOR RELIEF
### (Violation of *NMSA 1978, § 57-12-1, et seq.*: New Mexico Unfair Practices Act Against All Defendants)

73.        Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 71, inclusive, as though set forth in full herein.

74.        Defendants offer services in New Mexico and are subject to the laws of the State of New Mexico.

75.        Defendants' acts or practices set forth above are unfair and deceptive acts or practices in the conduct of trade or commerce under the New Mexico Unfair Practices Act of 1978, NMSA § 57-12-10, et seq.

76.        Defendants knowingly, willfully and in bath faith, misrepresented their ability to properly and safely pack, store, and move Plaintiff's possessions, along with the willful misrepresentation of an insurance policy which was offered in order to induce Plaintiff into purchasing Defendants services.

77.        Defendants also willfully engaged in deceptive advertising towards potential or actual customers.

78.        As a direct and proximate result of Defendants' statutory violations, Plaintiff has suffered in an amount to be proven at trial, or, at a minimum, $150,000, plus amounts already paid to Defendants.

79.        Plaintiff is entitled to judgment for compensatory damages incurred due to Defendants' violations of the New Mexico Act.

80.        Plaintiff is also entitled to an award of treble damages, attorney's fees, and costs pursuant to NMSA § 57-12-10 (B)-(C).

## FOURTH CLAIM FOR RELIEF
### (Negligent Misrepresentation Against All Defendants)

81.        Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 79, inclusive, as though set forth in full herein.

82.        As described herein, Defendants, and each of them, are also liable to Plaintiff for committing negligent misrepresentations by supplying materially false information to Plaintiff in connection with the moving contract entered into with the Plaintiff.

83.        Defendants furnished written and oral information to Plaintiff. Defendants made these representations with specific knowledge and intent that said information would induce Plaintiff to enter into the moving contract. Plaintiff was the intended recipients of said

representations, and Defendants knew and intended that Plaintiff would rely on the Defendants' representations, which defendants knew were false and misleading.

84.      Defendants had a duty to provide Plaintiff with materially accurate information and disclosures, and Defendants had a duty to refrain from misrepresenting the terms of the moving contract. In violation of the duty, Defendants failed to exercise reasonable care in connection with the moving contract, and the communication thereof.

85.      Defendants failed to exercise reasonable care in making the oral and written representations to the Plaintiff.

86.      Defendants had a substantial pecuniary interest in Petitioner hiring Defendants and stood to receive substantial personal gain from the transaction.

87.      Defendants negligently presented written and oral untrue statements of material facts and negligently failed to affirmatively disclose facts that were necessary for the Plaintiff, in order to prevent said statements from being misleading and detrimental to the interest of Plaintiff.

88.      The acts, omissions and conduct of Defendants, and each of them, amounted to the commission of gross negligence.

89.      Plaintiff did not know that the aforementioned representations and promises from Defendants were false, and she justifiably relied to her detriment on said representations, believing them to be true.

90.      As a direct and proximate result of the Defendants' misrepresentations, Plaintiff was caused, and continues to suffer, economic damages in excess of $150,000, plus amounts already paid to Defendants.

91.       Plaintiff is entitled to recover from Defendants all of the economic damages that were caused by the Defendants' negligent misrepresentations and omissions of the facts pertinent to the Moving Contract.

**FIFTH CLAIM FOR RELIEF**
**(Breach of Contract Against All Defendants)**

92.       Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 90, inclusive, as though set forth in full herein.

93.       Defendants breached the Moving Contract and additional oral contracts.

94.       Specifically, the Moving Contract provides for an insurance policy which has not been mentioned during subsequent conversations with Defendants, and no payments have been made out pursuant to said insurance policy. Additionally, Defendants told Plaintiff that the movers in Boise would help to assemble/place furniture upon arrival as part of the Moving Contract.

95.       Defendant provided an insurance policy for the safe keeping and safe transportation of Plaintiff's possessions. Under the terms of that Policy, Defendant is to provide insurance for any damaged or missing items, with a $0 deductible, for up to $150,000. As outlined above, Defendant has failed to offer, or even mention, compensation under the insurance provided.

96.       This insurance policy was offered after Plaintiff expressed concerns about some of her possessions, and in an attempt to further induce Plaintiff into signing the Moving Contract.

97.       These misrepresentations were material because the safe keeping and safe delivery of Plaintiff's possessions went to the heart of the purpose of the moving contract.

98.       By materially misrepresenting that Defendants were providing an insurance policy, they fraudulently induced Plaintiff into signing the moving contract and then subsequently denied the remedy provided for in the contract.

99.        Defendants breached the contract by: (1) failing to provide the full services contracted for; (2) causing excessive damage to most of Plaintiff's possessions, which goes against the heart of the purpose of the Moving Contract, including the loss of thirteen (13) valuable or priceless paintings; and (3) failure to provide any compensation under the insurances provided for in the Moving Contract.

100.       Plaintiff is therefore entitled to judgment against Defendants for compensatory damages in an amount to be proven at trial, of not less than $175,000, plus attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Breach of Covenant of Good Faith and Fair Dealing Against All Defendants)

101.       Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 99, inclusive, as though set forth in full herein.

102.       Within every contract is an implied duty of good faith and fair dealing. The covenant requires, among other things, that the parties enter into the contract, and further perform the obligations imposed by the contract, in good faith.

103.       The Defendants, as part of the implied covenant of good faith and fair dealing, owed, at all times, the duty and an obligation to deal fairly, honestly and in good faith with Plaintiff in a manner consistent with accepted commercial practices and to do nothing to deprive Plaintiff of the benefits to with she was entitled by virtue of her contractual rights in connection with the moving contract.

104.       There was a valid contract between Defendants and Plaintiff.

105.       Once the Moving Contract was agreed to, Defendants began to ignore Plaintiff's communications, continued to reassure Plaintiff while taking none of the actions agreed to for the safekeeping of Plaintiff's possessions, lost valuable and priceless paintings with no effort to

recover them, and ignored the fact that there was insurance provided for in the contract once Plaintiff expressed her frustration and heartbreak at the missing paintings and damages to her life's possessions.

106.        Not only did Defendants breach the contract itself, Defendants also breached the implied covenants by: (1) ceasing to provide professional and responsive service once the contract was signed; (2) damaging a large portion of Plaintiff's possessions without taking responsibility or properly allowing for compensation due to Defendants' acts, the agents preferring to blame someone else in the chain of possession, even though each was an agent for Defendants besides; (3) failing to properly or professionally conduct a search for the priceless missing paintings; and (5) failure to discuss, respond, or even mention the insurance policy after the Moving Contract had been signed.

107.        By Defendants wrongful acts and omissions aforesaid, each and every Defendant named herein violated the implied covenant of good faith and fair dealing.

108.        As a direct and proximate result of the Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has been injured in an amount of at least $150,000, plus the amount already paid to Defendants.

109.        Defendants, and each of them, in performing the conduct complained of herein, acted willfully. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

**SEVENTH CLAIM FOR RELIEF**
**(Fraud Against All Defendants)**

110.        Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 108, inclusive, as though set forth in full herein.

111.        Defendants induced Plaintiff to enter into a contract for moving services with intentional, inducing material misrepresentations, as more specifically set forth above, upon which Plaintiff justifiably relied to her detriment.

112.        Further, Defendants represented that they would provide quality moving services and ensured the safe keeping of Plaintiff's possessions, including a supposed insurance policy for all of Plaintiff's possessions. Instead, Defendants damaged or destroyed a significant portion of Plaintiff's possessions and lost thirteen (13) valuable and/or priceless paintings. Defendants' representations were material and false when made.

113.        Defendants knew about the falsity of these misrepresentations at the time they were made, or with reckless disregard for the truth and rights of Plaintiff, and intended Plaintiff to justifiably rely on these misrepresentations to her detriment.

114.        The Defendants' false, misleading and untrue statements were material because the safe keeping and safe delivery of Plaintiff's possessions went to the heart of the purpose of the moving contract. Furthermore, the insurance was offered after Plaintiff expressed concerns about some of her possessions, and in an attempt to further induce Plaintiff into signing the moving contract. Plaintiff would have viewed the disclosure of the true facts as significantly altering the overall character of the information available such that knowledge of the true facts would have materially affected Plaintiff's financial and economic decisions relative to contracting with Defendants for moving services.

115.        Plaintiff was ignorant of the falsity of such misrepresentations and justifiably relied on the truth of such misrepresentations in entering in the moving contract and paying for services thereon.

116.        Had Plaintiff known the truth, she would not have hired the Defendants or would have done so only on significantly different terms; accordingly, the promises made by the Defendants would have been honored, and/or the rights and property of Plaintiff would not have been injured or damaged.

117.        As a direct and proximate result of the aforesaid intentionally fraudulent and malicious conduct of the Defendants, and each of them, Plaintiff was caused severe economic damages in an amount to be determined at trial, but which damages are in excess of $150,000.

118.        Plaintiff is entitled to recover all amounts paid under the moving contract.

119.        Plaintiff is entitled to judgment for compensatory damages in the maximum amount permitted by law, or, at a minimum, $150,000.

120.        Plaintiff reserves the right to seek amendment pursuant to Idaho Code § 6-1604 to add a claim for punitive damages.

## EIGHTH CLAIM FOR RELIEF
### (Negligent Infliction of Emotional Distress Against All Defendants)

121.        Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 119, inclusive, as though set forth in full herein.

122.        The Defendants' conduct as set out above was negligent insofar as the Defendants failed to take reasonable care to avoid causing Plaintiff emotional distress and anxiety.

123.        Plaintiff had chosen each item that went into her home with care and intention. Plaintiff considered her home as an extension of her family. Many items retained extreme sentimental value and are priceless.

124.        These feelings and concerns for the safety of her life's worth of possessions was expressed numerus times, and each time Defendants reassured her. That was until the Moving Contract had been signed. Not only did the Defendants lose thirteen (13) paintings and damaged a

vast number of Plaintiff's possessions, Defendants also refused to acknowledge any wrong doing or provide any solutions for the damage done.

125.        Plaintiff suffered and continues to suffer from emotional distress as a result of Defendants poor treatment of them during this difficult time. This distress was manifested by sadness, frustration, and anger.

126.        Plaintiff is entitled to compensation because of the poor treatment that she received from the named Defendants and their negligent infliction of emotional distress upon her.


## REQUEST FOR ATTORNEY FEES

Plaintiff has been required to retain the services of Ankrum Ortiz Law Office, PLLC, and has, and will continue to, incur reasonable attorney fees and costs. As said services are being provided on a contingency basis, the sum of $50,000 is reasonable should this matter be resolved by default. Plaintiff alleges and makes claim for attorney fees and costs incurred pursuant to Idaho Code §§ 12-121, 12-120(3), and 48-608, NMSA § 57-12-10, and Rule 54 of the Federal Rules of Civil Procedures.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and any other applicable statute, rule, or regulation, Plaintiff hereby demands trial by jury as to all issues so triable in this matter.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants as follows:

A.    Economic damages in a just and reasonable amount as determined by proof at trial, in approximately the sum of $150,000;

B.    Award additional damages pursuant to the Idaho Consumer Protection Act and the New Mexico Consumer Protection Act, including treble damages;

C.    Order the return of all amounts paid by Plaintiff to Defendants;

D.    Exemplary or punitive damages in a just and reasonable amount, in approximately the sum of $300,000;

E.    Award pre-judgment and post-judgment interest in the maximum amount allowed by law;

F.    Award Plaintiff attorney's fees and costs incurred pursuing this action; and

G.    For such other and further relief as the Court may deem appropriate.


Date:    October 18, 2021                                  /s/ Kendra S. Ankrum
                                                           Kendra Ankrum Ortiz
                                                           Attorney for Plaintiff

**EXHIBIT A**



BEKINS VAN LINES, INC. USDOT 2256609 | MC 770031 8010 CASTLETON RD, INDIANAPOLIS, IN 46250  800-932-7799

| MOVE FROM | MOVE TO |
|---|---|
| Name of Shipper ANGIE MCKINSTRY | Name of Shipper |
| Address 1621 SOPLO RD. SE- | Address ORIGIN -STORAGE |
| City/State/Zip AIRQUERQUE, N·MEX | City/State/Zip BOISE, IDAHO |
| Telophone (505) 259 8536    87123 | Telophone |
| Email ANGEVINE @RMGTV. COM | Email |

| Packing Date | Loading Date | Delivery Dates |
|---|---|---|

WARNING: If a moving company loses or damages your goods, there are two (2) different standards for the company's liability based on the types of rates you pay.  BY FEDERAL LAW, THIS FORM MUST CONTAIN A FILLED-IN ESTIMATE OF VALUE OF YOUR GOODS in the event of loss of, or damage to, the goods.  This form may also contain an estimate of the cost of a move in which the moving company is liable for FAR LESS than the replacement value of your goods, typically at a lower cost to you.  You will select the liability level later, on the bill of lading (contract) for your move. Before selecting a liability level, please read "Your Rights and Responsibilities When You Move", provided by the moving company, and seek further information at the government website "www.protectyourmove.gov"

**YOUR TOTAL PRICE INCLUDES ONLY THE FOLLOWING:**

Transportation @ 3193 cu ft = 22351 lbs          14,399.26
Full Value Replacement @ $150,000 @ deductible  .0.      1130.00
Containers & Packing Services (INCLUDES CRATES)       3710.27
Other Services   GRANDFATHER CLOCK                      115.60
                 HOME CLEANING ORIGIN                  NO COST
Storage @ ☒ Origin        ☐ Destination               2916.81
Drayage @                                              1117.55
Warehouse Handling @                                   1005.90
Daily Rate @ $   x  30 Days  @ $33.53/DAY
Storage Valuation $150,000 @ .6 DEDUCTIBLE              226.00

Expiration ___60___ Days       **NO EXCUSE PRICE $ 24,621.39**

Customer's signature is required here, acknowledging this receipt of the following:  1) Quote 2) Your Rights and Responsibilities When You Move and Ready to Move brochures (which I agree may be provided electronically and 3) Inventory of items valued in excess of $100 Per Pound Per Article (High Value Inventory Form) I request the above named carrier to furnish the services described in this order, subject to the terms and conditions of Bekins Van Lines household goods bill of lading issued at the time Bekins Van Lines takes possession of this shipment

X _____     X _____  9/21/20
   Customer Signature      Date      Carrier's Representative

VISA   MasterCard   AMERICAN EXPRESS   DISCOVER

CUBE SHEET

CUSTOMER McKinstry

ESTIMATE DATE 9/21/20

REGISTRATION NUMBER

BOISE

## Living & Family Rooms

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Bar, Portable | 15 | | |
| Bench, Piano | 5 | | |
| Bookcase | 20 | | |
| Bookshelves, Sec | 5 | | |
| Cabinet, Curio/Music | 10 | | |
| Chair, Arm or Straight | | | |
| " , Occasional | 15 | | |
| " , Overstuffed | 25 | | |
| " , Rocker | 12 | | |
| Clock, Grandfather | 20 | | |
| Day Bed | 30 | | |
| Desk, Small | 22 | | |
| Entertainment Center | 35 | | |
| Fireplace Equip 5 Pc | 5 | | |
| Foot Stool | | | |
| Lamp, Floor or Pole | 3 | | |
| " , Table | 2 | | |
| Piano, Spinet | 60 | | |
| " , Baby Grand/Upright | 70 | | |
| " , Parlor Grand | 80 | | |
| Rug, Large Roll or Pad | 10 | | |
| " , Small Roll or Pad | 5 | | |
| Sofa, 2 Cushion | 35 | | |
| " , 3 Cushion | 50 | | |
| " , 4 Cushion | 60 | | |
| " , Hideabed | 50 | | |
| " , Sectional, per Sec | 25 | | |
| Stereo Console | 10 | | |
| Stereo Component | | | |
| Table, Dropleaf/Occasional | 5 | | |
| " , End / Nest | 5 | | |
| Television, Portable | | | |
| " , Table Model | 10 | | |
| " , Console | 20 | | |
| " , Big Screen | 25 | | |
| VCR | 3 | | |

## Dining Room

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Bench, Harvest | | | |
| Buffet, Base | 10 | | |
| Buffet, Hutch | 30 | | |
| Cabinet, Corner | 20 | | |
| " , China | 25 | | |
| Cart, Serving | 15 | | |
| Chair, Dining | 5 | | |
| Table, Dining | 30 | | |

## Kitchen

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Cabinet | 30 | | |
| Chair, High | 5 | | |
| Chair, Kitchen | 5 | | |
| Step Stool | 5 | | |
| Table, Breakfast | 10 | | |
| " , Small | 5 | | |

## Appliances

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Air Conditioner, Window | 20 | | |
| Dehumidifier | 10 | | |
| Dishwasher 3" | 20 | | |
| Dryer, Electric or Gas 3" | 25 | | |
| Freezer, 10CF or less | 30 | | |
| " , 11 to 15 CF | 45 | | |
| " , 16 CF & over | 60 | | |
| Humidifier | | | |
| Microwave | 5 | | |
| Range, Electric or Gas 3" | 30 | | |
| Refrigerator: ICE? Y N 3" | | | |
| 10 CF or less | 45 | | |
| 11 CF & over | 60 | | |
| Washing Machine 3" | 25 | | |

SUBTOTAL COLUMN 1

## Bedroom

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Bed, Single / Twin | 40 | | |
| " , Double / Full | 60 | | |
| " , Queen | 65 | | |
| " , King | 70 | | |
| " , Rollaway | 20 | | |
| " , Bunk (Set of 2) | 70 | | |
| Bench, Vanity | 3 | | |
| Bookshelves, Sectional | 5 | | |
| Cedar Chest | 15 | | |
| Chair, Boudoir | 10 | | |
| " , Rocker | 12 | | |
| Chaise Lounge | 25 | | |
| Desk, Small / Windtrop | 22 | | |
| Dresser, Vanity | 20 | | |
| " , Single | 30 | | |
| " , Double | 40 | | |
| " , Triple | 50 | | |
| Table, Night | 5 | | |
| Wardrobe, Small | 20 | | |
| " , Large | 40 | | |
| Waterbed Frame/Pedestal | 15 | | |

## Nursery

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Baby Carriage | 10 | | |
| Bassinet | | | |
| Bed, Youth | 30 | | |
| Chair, Child's | 3 | | |
| Changing Table | 10 | | |
| Chest, Toy | 5 | | |
| Crib | 10 | | |
| Dresser, Child's | 12 | | |
| Playpen | 2 | | |
| Stroller, Baby | 3 | | |
| Table, Child's | 5 | | |

## Office / Study / Den

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Chair, Swivel / Office | 6 | | |
| Computer PC/Monitor/Etc. | 15 | | |
| Copier / Printer, Small | 6 | | |
| " , Medium | 12 | | |
| Desk, Computer | 25 | | |
| " , Hutch | 20 | | |
| " , Office | 30 | | |
| " , Secretary | 35 | | |
| Fax Machine | 2 | | |
| File Cabinet, 2 Drawer | 5 | | |
| " , 3 Drawer | 8 | | |
| " , 4 Drawer | 10 | | |
| " , Lateral | 15 | | |
| Table, End | 5 | | |
| Typewriter | | | |

## Exercise / Sports Equip

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Bicycle | 7 | | |
| Camp Stove, Portable | 8 | | |
| Cooler, Small | 3 | | |
| " , Large | 6 | | |
| Exercise Bike / Exercycle | 10 | | |
| Golf Bag | 2 | | |
| Ping Pong Table | 20 | | |
| Pool Table, Not Slate | 40 | | |
| " , Slate | 100 | | |
| Sled | 2 | | |
| Skis (Pair) | 2 | | |
| Tent | | | |
| Treadmill / Step Machine | 20 | | |
| Tricycle | | | |
| Universal Gym Component | 10 | | |
| Weight Bench | 5 | | |

SUBTOTAL COLUMN 2

## Garage

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Auto | | | |
| Auto | | | |
| Pick-Up Truck | | | |
| Cabinet, Utility | 10 | | |
| Camper | 500 | | |
| Camper Shell | 300 | | |
| Canoe / Kayak / Scull | 50 | | |
| Car Ramps | 6 | | |
| Golf Cart, Motorized | 40 | | |
| Motorcycle, Large | 60 | | |
| Snow Mobile | 60 | | |

## Porch / Outdoor Furn & Equip

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Barbecue Grill | 10 | | |
| Bench, Picnic | 5 | | |
| Bird Bath | 15 | | |
| Chair, Folding | 1 | | |
| Chair, Lawn | 5 | | |
| Chaise Lounge | 5 | | |
| Dog House / Cage | 10 | | |
| Fishing Rods | | | |
| Garden Tools (5) | 10 | | |
| Glider / Settee | 20 | | |
| Hose Caddy | 5 | | |
| Hibachi / Small BBQ | 3 | | |
| Ladder, 6 Ft Step | 5 | | |
| " , 8 Ft Metal | 8 | | |
| " , Extension | 10 | | |
| Lawn Mower, Hand | 5 | | |
| " , Power | 15 | | |
| " , Riding | 55 | | |
| Leaf Sweeper/Weedeater | 5 | | |
| Outdoor Gym | 20 | | |
| " , Slide | 10 | | |
| " , Swingset | 25 | | |
| Rocker, Swing | 15 | | |
| Sandbox | 10 | | |
| Snowblower | 10 | | |
| Spreader | 4 | | |
| Table, Card | 1 | | |
| Table, Patio | 10 | | |
| " , Picnic | 20 | | |
| " , Umbrella | 5 | | |
| Tackle Box | 1 | | |
| Wagon, Child | 3 | | |
| Wheelbarrow | 8 | | |

## Miscellaneous Items

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|
| Basket, Small | 3 | | |
| Clothes Hamper / Basket | 5 | | |
| Fan, Portable | 5 | | |
| Foot Locker | 5 | | |
| Garbage Can, Outdoor | 5 | | |
| Gun Cabinet / Locker | 30 | | |
| Heater, Gas or Electric | 5 | | |
| Hot Tub / Jacuzzi / Spa | 300 | | |
| Ironing Board | 2 | | |
| Plant, Faux; Plant Stand | 2 | | |
| Power Tools (Group of 3) | 15 | | |
| Satellite Dish | | | |
| Shed, Tool or Utility | 120 | | |
| Shelf, Metal | 5 | | |
| Sewing Machine, Portable | 5 | | |
| Suitcase / Tote Box | | | |
| Tool Chest, Small | 5 | | |
| " , Medium | 10 | | |
| " , Large | 15 | | |
| Toy, Plastic | 5 | | |
| Vacuum Cleaner | 5 | | |
| Work Bench | 20 | | |

SUBTOTAL COLUMN 3

## Miscellaneous (cont)

| ARTICLE | Cu Ft/Piece | # Of PCS | Cubic Feet |
|---|---|---|---|

P B O CARTONS

| | | |
|---|---|---|
| Dishpack | | 10 |
| | | 1.5 |
| | 3.0 Cu Ft | 3 |
| | 4.5 Cu Ft | 4.5 |
| | 6.0 / 6.5 Cu Ft | 6.5 |
| Wardrobe | | 10 |
| Mirror / Glass | | 3 |

C P CARTONS

| | | |
|---|---|---|
| Dishpack | | 10 |
| | 1.5 | |
| | 3.0 Cu Ft | 3 |
| | 3.0 Cu Ft | 3 |
| | 4.5 | 4.5 |
| | 6.0 / 6.5 Cu Ft | 6.5 |
| Weight | | 10 |
| Mirror / Glass | | 3 |

TOTAL ALL ITEMS ALL COLUMNS
TIMES _____ LBS/CF =
PLUS AUTO / VEHICLE @ _____ LBS
PLUS WEIGHT ADDITIVES @
TOTAL WEIGHT ESTIMATED @ _____ LBS

**EXHIBIT B**

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER Bekins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | | PAGE # 1 | # OF PAGES |
|---|---|---|---|---|
| AGENT # 5536 | TAG LOT # | TAG C... | ORDER # | |
| CUSTOMER NAME Angie mckinstry | THRU | /RANK | VAN # | |

PIECE NO. LOT NO. K247548 000

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTIONS**

| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MO | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 1 | | | | W.D | cp | Swords | |
| 2 | | | | D.p | cp | Horse, statue | |
| 3 | | | | D.p | cp | Lady, Head, statue | |
| 4 | | | | D.p | cp | eagle | |
| 5 | | | | D.p | cp | African state | |
| 6 | | | | W.D | cp | hallway clothes | |
| 7 | | | | 3.0 | cp | clock, misc | |
| 8 | | | | med Box | pbo cu | | |
| 9 | | | | med Box | pbo cu | | |
| 10 | | | | med Box | pbo cu | | |
| 1 | | | | Sm. Box | pbo cu | | |
| 2 | | | | Sofa table | | 10, R, SC, 8, 9, R, | |
| 3 | | | | 4.5 | cp | pic's | |
| 4 | | | | Clock | cp | Brown paper | |
| 5 | | | | OS chair | | 13, R, 4, R, | |
| 6 | | | | OS chair | | 13, R, 4, R | |
| 7 | | | | coffee table | | 10, R, 12, R, 15, R, | |
| 8 | | | | Couch | | 13, R, F, 8, 9, F, 3, 11, R | |
| 9 | | | | 4.5 | cp | Elk, Head | |
| 20 | | | | 4.5 | cp | Elk, Head | |
| 1 | | | | Sm. end table | | 14, R, SC, 8, 9, R | |
| 2 | | | | W.D | cp | couch pillow | |
| 3 | | | | 1.5 | cp | Sm. picture | |
| 4 | | | | D.p | cp | Decor | |
| 5 | | | | 1.5 | cp | Hallway Bath | |
| 6 | | | | 3.0 | cp | Decor, 8 | |
| 7 | | | | plant stand | | 12, R, 10, 2, 15, R | |
| 8 | | | | 3.0 | cp | misc items | |
| 9 | | | | 4.0 | cp | sm.pic. Art Decor | |
| 50 | | | | D.p | cp | 1st curio, cabinet, sm. art, decor | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature Drake mitchell | DATE 10/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Signature Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER Bekins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # 2 | # OF PAGES |
| AGENT # 5534 | TAG LOT # 1247 5 TAG COLOR Yellow | THRU | ORDER # |
| CUSTOMER NAME Angie, McGinstry | MILITARY PAY GRADE/RANK | | VAN # |

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MO | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 3 1 | | | | D.p | cp | x-mas - Decor | |
| 2 | | | | D.p | cp | glassware | |
| 3 | | | | D.p | cp | china | |
| 4 | | | | D.p | cp | glassware | |
| 5 | | | | D.p | cp | Drawer, china | |
| 6 | | | | D.p | cp | 2nd, curio cabinet Art Decor | |
| 7 | | | | D.p | cp | glassware | |
| 8 | | | | 1.5 | cp | x-mas, misc items | |
| 9 | | | | 6.0 | cp | Sm. pics | |
| 4 0 | | | | Chair | | 1,8,9, R, 8.8, R, SC, 2,6,R | |
| 1 | | | | chair | | 1,8,9, R, 5,9, R, SC, 2,6,R | |
| 2 | | | | chair | | 1,8,9, R, 5,9,R, SC, 2,6,R | |
| 3 | | | | chair | | 1,8,9, R, 5,9, R, SC, 2,6,R | |
| 4 | | | | chair | | 1,8,9, R, 5,9,R, SC, 2,6,R | |
| 5 | | | | chair | | 1,8,9, R, 5,9,R, SC, 2,6,R | |
| 6 | | | | chair | | 1,8,9, R, 5,9, R, SC, 2,6,R | |
| 7 | | | | chair | | 1,8,9, R, 5,9, R, SC, 2,6,R | |
| 8 | | | | Table Top | | 10,R, 12,R, 15,R, 8,9,R | |
| 9 | | | | D.p | cp | Frog | |
| 5 0 | | | | curio cabinet | | 10,R,R, 8,9,R | |
| 1 | | | | curio cabinet | | 10,12,R, 8,9,R | |
| 2 | | | | Hutch | | 14,R, 10,R, 12,R, SC, 2,6,R | |
| 3 | | | | Chair | | 7,8,9, SC, ch, 13, R, | |
| 4 | | | | chair | | 8,9,R, 12,R, 15,R | |
| 5 | | | | chair | | 13,R, 9,R, F, R, 1,6,R, SC | |
| 6 | | | | End table | | 10,R, SC, 8,9,R, R, 6,R,SC | |
| 7 | | | | W.D | cp | clothes | |
| 8 | | | | m.p | cp | pic | |
| 9 | | | | m.p | cp | pic | |
| 6 0 | | | | m.p | cp | pic | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature Andre michell | DATE 10-18/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
| | OWNER OR AUTHORIZED AGENT Angie McCauly | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| CARRIER | Rohins | | PAGE # 3 | # OF PAGES |
|---|---|---|---|---|
| AGENT # 5536 | TAG LOT # 1247505 COLOR Yellow # | THRU | ORDER # | |
| CUSTOMER NAME Angie McKinstry | MILITARY PAY GRADE/RANK | | VAN # | |

**DESCRIPTIVE SYMBOLS**

| | | | |
|---|---|---|---|
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| | | | |
|---|---|---|---|
| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

1. Arm
2. Bottom
3. Corner
4. Front
5. Left
6. Leg
7. Rear
8. Right
9. Side
10. Top
11. Veneer
12. Edge
13. Seat
14. Drawer
15. Center
16. Inside
17. Door
18. Shelf
19. Hardware

| ITEM # | ORIG. WHSE. | DEST WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 6¹ | | | | m.p | cp | pic | |
| 2 | | | | m.p | cp | pic | |
| 3 | | | | m.p | cp | pic | |
| 4 | | | | m.p | cp | pic | |
| 5 | | | | m.p | cp | pic | |
| 6 | | | | p.p | cp | pic | |
| 7 | | | | m.p | cp | pic | |
| 8 | | | | m.p | cp | pic | |
| 9 | | | | m.p | cp | pic | |
| 7⁰ | | | | m.p | cp | pic | |
| 1 | | | | m.p | cp | pic | |
| 2 | | | | Area Rug | cp | Brown, paper | |
| 3 | | | | Grand Father Clock | cp | Brown & shrunk, wrap | |
| 4 | | | | Sharp-copy mech. | | 1S, R, SC, 8, 9, R | |
| 5 | | | | D.p | cp | VCR | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 8⁰ | | | | 1.5 | cp | Books | |
| 1 | | | | 1.5 | cp | Books | |
| 2 | | | | 1.5 | cp | Books | |
| 3 | | | | 1.5 | cp | Books | |
| 4 | | | | 1.5 | cp | Books | |
| 5 | | | | 1.5 | cp | Books | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 9⁰ | | | | 1.5 | cp | Books | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature D'Andre, Mitchell | DATE 14/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER Bekins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # 4 | # OF PAGES |
| --- | --- | --- | --- |
| AGENT # 5536 | TAG LOT # K24 7565 COLOR Yellow #   THRU | ORDER # | |
| CUSTOMER NAME Angie McKinstry | MILITARY PAY GRADE/RANK | VAN # | |

### DESCRIPTIVE SYMBOLS
| | | | |
| --- | --- | --- | --- |
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

| B | Bent |
| --- | --- |
| BR | Broken |
| BU | Burned |
| CH | Chipped |
| CU | Contents/Condition unknown |
| D | Dented |
| F | Faded |
| FR | Frayed |
| G | Gouged |

### EXCEPTION SYMBOLS
| L | Loose | SC | Scratched |
| --- | --- | --- | --- |
| M | Marred | SH | Short |
| MD | Mold/Mildew | SO | Soiled |
| MO | Motheaten | ST | Stained |
| P | Peeling | T | Torn |
| PS | Paint spot | W | Badly worn |
| R | Rubbed | WM | Water mark |
| RU | Rusted | Z | Cracked |
| S | Stretched | | |

### LOCATION SYMBOLS
| 1. Arm | 8. Right | 14. Drawer |
| --- | --- | --- |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | | EXCEPTIONS AT DESTINATION |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 9 1 | | | | end table | | 10, R, SC, 8, 9, R, SC4 | | |
| 2 | | | | Sm. wood table | | 10, 12, R, SC, 8, 9, H, SC | | |
| 3 | | | | Sm. wood table | | 10, 12, R, SC, 8, 9, R, SC | | |
| 4 | | | | Sm. wood table | | 10, 12, R, SC, 8, 9, R, SC | | |
| 5 | | | | 1.5 | CP | Books | | |
| 6 | | | | 1.5 | CP | Books | | |
| 7 | | | | 1.5 | CP | Books | | |
| 8 | | | | 1.5 | CP | Books | | |
| 9 | | | | 1.5 | CP | Books | | |
| 10 0 | | | | 1.5 | | | | |
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |
| 7 | | | | | | | | |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 11 0 | | | | | | | | |
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |
| 7 | | | | | | | | |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 12 0 | | | | | | | | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) D'Andre Mitchell | DATE 10/15/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
| --- | --- | --- | --- | --- | --- |
| | OWNER OR AUTHORIZED AGENT Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 6/15)

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER Bekins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # 5 | # OF PAGES |
|---|---|---|---|
| AGENT # 5536 | TAG LOT #2175 TAG COLOR Yellow    THRU | ORDER # | |
| CUSTOMER NAME Angie, McKinstry | MILITARY PAY GRADE/RANK | VAN # | |

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 121 | | | | Desk | | 10, R, SC, 8, 9, R, SC, 14, R, SC | |
| 2 | | | | Chair | | 13, M, 8, 9, 1, R, S, 1, R | |
| 3 | | | | Chair | | 13, R, 8, 9, 1, R, S, 1, R | |
| 4 | | | | table leaf | | 10, R, SC | |
| 5 | | | | table leaf | | 10, R, SC | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 130 | | | | 1.5 | cp | Books | |
| 1 | | | | 1.5 | cp | Books | |
| 2 | | | | 3.0 | cp | Lamp shade | |
| 3 | | | | D.p | cp | Decor | |
| 4 | | | | D.p | cp | Decor pics | |
| 5 | | | | 6.0 | cp | misc. items | |
| 6 | | | | 3.0 | cp | globe ducks | |
| 7 | | | | A.p | cp | Decor, pics panel | |
| 8 | | | | D.p | cp | Decor pic, panel | |
| 9 | | | | end table | | 10, R, SC, 8, 9, R, 15, R, SC | |
| 140 | | | | Sofa table | | 12, M, SC, 8, 9, R | |
| 1 | | | | Couch | | 15, SC, R, 8, 9, R, SC | |
| 2 | | | | Couch | | 15, SC, R, 8, 9, R, SC | |
| 3 | | | | GS Chair | | 6, R, 8, 9, 1, 8, 9, R, SC | |
| 4 | | | | ottman | | 10, R, 15, R, SC | |
| 5 | | | | Area Rug | cp | newnpaper | |
| 6 | | | | Floor Lamp | | 15, R, SC | |
| 7 | | | | 3.0 | cp | Plastic ware | |
| 8 | | | | 3.0 | cp | plastic ware | |
| 9 | | | | D.p | cp | glassware | |
| 150 | | | | D.p | cp | glass ware | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature DANDRE Mitchell | DATE 10/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Signature Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| | | |
|---|---|---|
| CARRIER *Robins* | **HOUSEHOLD GOODS DESCRIPTIVE INVENTORY** | PAGE # *6*   # OF PAGES |
| AGENT # *5536* | TAG LOT # *(247568)* OR *Yellow* #   THRU | ORDER # |
| CUSTOMER NAME *BnRiE, MCKIhStmy* | MILITARY PAY GRADE/RANK | VAN # |

**DESCRIPTIVE SYMBOLS**

| | | | | |
|---|---|---|---|---|
| CP | Packed by carrier | PB | Professional books | |
| PBO | Packed by owner | PE | Professional equipment | |
| DBO | Disassembled by owner | PP | Professional papers | |
| SW | Stretch wrap | | | |

**EXCEPTION SYMBOLS**

| | | | | |
|---|---|---|---|---|
| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MW | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| | | |
|---|---|---|
| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

EXCEPTIONS AT DESTINATION

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN |
|---|---|---|---|---|---|---|
| 15 1 | | | | gun case | | 10, R, 12, R, SC, 8, 9, R, 2, 14, R, SC |
| 2 | | | | night stand | | 14, R, SC, 8, 9, R, 2, 13, R, |
| 3 | | | | m.p | cp TV | |
| 4 | | | | Dresser | | 10, R, SC, 14, R, SC, 8, 9, R, SC |
| 5 | | | | TV stand | | 10, R, SC, 14, R, SC, 8, 9, R, SC |
| 6 | | | | chair | | 13, R, SC, 8, 9, R |
| 7 | | | | chair | | 13, R, SC, 5, 9, R |
| 8 | | | | chair | | 13, R, SC, 8, 9, R |
| 9 | | | | chair | | 13, R, SC, 9, 9, R |
| 16 0 | | | | wood chair | | 15, R, SC |
| 1 | | | | wood chair | | 15, R, SC |
| 2 | | | | m.p | cp mirror | |
| 3 | | | | wood closet | | 10, R, SC, 5S, X, SC |
| 4 | | | | Lawyer case | | 8, 9, R, SC, PS, 5, 9, R, SC, 14, R, 15, R |
| 5 | | | | Head Board | | 12, R, SC, 8, 9, R |
| 6 | | | | Foot Board | | 12, R, SC, F, 9, R |
| 7 | | | | Side Rail | | 12, R, SC |
| 8 | | | | Side Rail | | 12, R, SC |
| 9 | | | | matt King | cp bag | |
| 17 0 | | | | Box matt | cp Bag | |
| 1 | | | | 4.5 | cp TV stand | |
| 2 | | | | m.p | cp His | |
| 3 | | | | m.p | cp Frog glass | |
| 4 | | | | 1.5 | cp Books | |
| 5 | | | | 1.5 | cp Books | |
| 6 | | | | 1.5 | cp Books | |
| 7 | | | | 1.5 | cp Books | |
| 8 | | | | 1.5 | cp Books | |
| 9 | | | | 1.5 | cp Books | |
| 18 0 | | | | 3.0 | cp Bedding, Decor |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received

| | | | | | |
|---|---|---|---|---|---|
| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature *DAndre Mitchell* | DATE *10/18/20* | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
| | OWNER OR AUTHORIZED AGENT *Angel McKinstry* | DATE *10.19.20* | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 3)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| | |
|---|---|
| CARRIER Bekins | PAGE # 7    # OF PAGES |
| AGENT # 5536 | TAG LOT # 624 7548 COLOR Yellow #    THRU    ORDER # |
| | VAN # |
| CUSTOMER NAME Angie, McKinstry | MILITARY PAY GRADE/RANK |

**DESCRIPTIVE SYMBOLS**

| | | | |
|---|---|---|---|
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B | Bent |
|---|---|
| BR | Broken |
| BU | Burned |
| CH | Chipped |
| CU | Contents/Condition unknown |
| D | Dented |
| F | Faded |
| FR | Frayed |
| G | Gouged |

| L | Loose |
|---|---|
| M | Marred |
| MI | Mold/Mildew |
| MO | Motheaten |
| P | Peeling |
| PS | Paint spot |
| R | Rubbed |
| RU | Rusted |
| S | Stretched |

| SC | Scratched |
|---|---|
| SH | Short |
| SO | Soiled |
| ST | Stained |
| T | Torn |
| W | Badly worn |
| WM | Water mark |
| Z | Cracked |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
|---|---|---|
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

C.P. or P.B.O.    CONDITION AT ORIGIN    EXCEPTIONS AT DESTINATION

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN |
|---|---|---|---|---|---|---|
| 18 9 1 | | | | 6.0 | cp | Bedding |
| 2 | | | | 6.0 | cp | Bedding |
| 3 | | | | 3.0 | cp | Decor |
| 4 | | | | 3.0 | cp | Chandellier |
| 5 | | | | W.D | ct | Clothes |
| 6 | | | | 4.5 | cp | Decor |
| 7 | | | | 4.5 | cp | Shoe + misc |
| 8 | | | | 4.5 | cp | clothes |
| 9 | | | | 4.5 | cp | Bath Items |
| 19 0 | | | | w.D | cp | Clothes, |
| 1 | | | | 3.0 | cp | Bath Items |
| 2 | | | | 1.5 | cp | Bath trash can |
| 3 | | | | 1.5 | cp | Toilet treats |
| 4 | | | | plastic tote | pbo cu | |
| 5 | | | | plastic tote | pbo cu | |
| 6 | | | | plastic tote | pbo cu | |
| 7 | | | | plastic tote | pbo cu | |
| 8 | | | | plastic tote | pbo cu | |
| 9 | | | | plastic tote | pbo cu | |
| 20 0 | | | | plastic tote | pbo cu | |
| 1 | | | | wicker chair | | W101513, ch234, ch286 w10712 |
| 2 | | | | Wicker chair | | S0101513, SC101513, SC256, SC2856 |
| 3 | | | | Night stand | | WM1013, SC4514, SC2856, |
| 4 | | | | folding table | | cursed |
| 5 | | | | Dresser | | ch259414, SH0512, SC234, SC256. |
| 6 | | | | head board | | |
| 7 | | | | Side rails | | |
| 8 | | | | foot board. | | |
| 9 | | | | office chair | | W101513, S0101513, ST101513. |
| 21 0 | | | | filing cabinet | | D25912 |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
|---|---|---|---|---|---|
| | Signature D'Andre Mitchell | 10/18/20 | | Signature | |
| | OWNER OR AUTHORIZED AGENT | DATE | | OWNER OR AUTHORIZED AGENT | DATE |
| | Angie McKinstry | 10.19.20 | | Signature | |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS



THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER Bekins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # 9 | # OF PAGES |
| AGENT # 5536 | TAG LOT # | TAG COLOR yellow # | THRU | ORDER # |
| CUSTOMER NAME Music McKinstry | MILITARY PAY GRADE/RANK | VAN # |

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WI | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

EXCEPTIONS AT DESTINATION

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN |
|---|---|---|---|---|---|---|
| 24 1 | | | | Dishpack | CP | Glass |
| 2 | | | | Dish pack | CU | Glass |
| 3 | | | | Small Box | PBO | |
| 4 | | | | Small Box | PBO | |
| 24 5 | | | | Dish pack | CP | Glassware - |
| 6 | | | | Chair | | W101513, SC1015 |
| 7 | | | | ↓ | | |
| 8 | | | | ↓ | | |
| 9 | | | | Chair | | W101513, SC1015 |
| 25 0 | | | | Dining table | | CH101512, W101512; SC2512. |
| 1 | | | | metal rack | | CU used. |
| 2 | | | | Buffet | | SC2512, SC2514, W101512. |
| 3 | | | | Le. 0 | CP | Pantry Items |
| 4 | | | | ↓ | | |
| 25 5 | | | | ↓ | | ↓    ↓ |
| 6 | | | | Le. 0 | CP | Pantry Items |
| 7 | | | | 1. 5 | CU | Papers |
| 8 | | | | ↓ | | |
| 9 | | | | ↓ | ↓ | ↓ |
| 26 0 | | | | ↓ | | |
| 1 | | | | 1. 5 | CU | Papers |
| 2 | | | | 3.0 | CP | laundry Items |
| 3 | | | | 3.0 | CP | laundry Items |
| 4 | | | | Small safe | | |
| 26 5 | | | | Bookcase | | CU2512, SC2512, SC2514, W101512. |
| 6 | | | | Dish pack | CU | flower pots |
| 7 | | | | ↓ | ↓ | ↓ |
| 8 | | | | Dish pack | CU | flower pots |
| 9 | | | | Crate | CU | elephant tusk |
| 27 0 | | | | Crate | CU | elephant tusk. |

Kendra Ankrum

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE | | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
| AT ORIGIN | Signature D'andre mitchell | 10/19/20 | AT DESTINATION | Signature | |
| | OWNER OR AUTHORIZED AGENT Angela McKinstry | DATE 10·19.20 | | OWNER OR AUTHORIZED AGENT | DATE |
| | | | | Signature | |

FORM NO. 1142 (Rev. 8/19)          CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS



THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

CARRIER: Bekins
AGENT #: 5534

PAGE # 11  # OF PAGES
TAG LOT #  TAG COLOR: yellow  # THRU  ORDER #
MILITARY PAY GRADE/RANK  VAN #

CUSTOMER NAME

| ITEM # | ORIG. WHSE | DEST. WHSE | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 301 | | | | 4.5 | CP | Garage Items | |
| 2 | | | | Suit Case | PBO | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 305 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | Suit Case | PBO | | |
| 8 | | | | Tool Box | | RU1015, RU21512, RU10593. | |
| 9 | | | | Plastic tote | PBO | | |
| 310 | | | | Dolly | | M10512, W21512. | |
| 1 | | | | Armoire | | LR241512, SC101512 + W21512 | |
| 2 | | | | 4.5 | CP | Garage Items | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 315 | | | | | | | |
| 6 | | | | 4.5 | CP | Garage Items | |
| 7 | | | | Plastic rack | | cu-used | |
| 8 | | | | | | | |
| 9 | | | | Plastic rack | | cu-used | |
| 320 | | | | Plastic tote | PBO | | |
| 1 | | | | 4.5 | CP | Garage Items | |
| 2 | | | | 1.5 | CP | Papers | |
| 3 | | | | 1.5 | CP | Papers | |
| 4 | | | | Small Box | PBO | | |
| 325 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 330 | | | | Small Box | PBO | | |

CARRIER OR AUTHORIZED AGENT (DRIVER) Signature: DanDRe Mitchell  DATE 10/19/20
OWNER OR AUTHORIZED AGENT Signature: MCFinstey  DATE 10.19.20

FORM NO. 1142 (Rev. 8/19)  CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

CARRIER: Bekins
AGENT #: 5536
CUSTOMER NAME: Angie mchistry
PAGE #: 12
TAG COLOR: Yellow

| ITEM # | ARTICLES | C.P. @ P.B.O | CONDITION AT ORIGIN |
|---|---|---|---|
| 33 1 | lamp | | used |
| 2 | lamp | | used |
| 3 | lamp | | used |
| 4 | coat rack | | |
| 33 5 | Plastic tote | PBO | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 34 0 | | | |
| 1 | | | |
| 2 | | | |
| 3 | Plastic tote | PBO | |
| 4 | Plastic Bag | PBO | |
| 34 5 | Plastic tote | PBO | |
| 6 | | | |
| 7 | | | |
| 8 | Plastic tote | PBO | |
| 9 | Duffle Bag | PBO | |
| 35 0 | Duffle Bag | PBO | |
| 1 | large sale | | |
| 2 | Est'h pkts | CP | Brown papers |
| 3 | 6.0 | cp | Bedding |
| 4 | 6.0 | cp | Bedding - lamp base |
| 35 5 | 6.0 | cp | Bedding |
| 6 | 8.0 | cp | Bedding |
| 7 | 8.0 | cp | Towels/Pillows |
| 8 | w.D | cp | clothes |
| 9 | w.D | cp | clothes |
| 36 0 | w.D | cp | clothes |

Signature: Dndre mitchell 10/19/20
Angie mckinley 10.19.20

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| CARRIER | Bekins | PAGE # 13 | # OF PAGES |
| AGENT # | 5586 | TAG LOT # 1217898 COLOR Yellow # | THRU | ORDER # |
| CUSTOMER NAME | Angie, McKinstry | | VAN # |

MILITARY PAY GRADE/RANK

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 86 | | | | 4.5 | cp | Closet | |
| 2 | | | | 4.5 | cp | closet | |
| 3 | | | | 3.0 | cp | clothes | |
| 4 | | | | white wicker chair | | R, SC, S, 9, R, & ,13, R | |
| 5 | | | | white wicker chair | | R, SC, S, 9, R, SC, 12, 9 | |
| 6 | | | | D.p | cp | Bath items | |
| 7 | | | | plastic tote | PBOcu | | |
| 8 | | | | plastic tote | PBOcu | | |
| 9 | | | | plastic tote | PBOcu | | |
| 57 0 | | | | plastic tote | PBOcu | | |
| 1 | | | | plastic tote | PBOcu | | |
| 2 | | | | plastic tote | PBOcu | | |
| 3 | | | | plastic tote | PBOcu | | |
| 4 | | | | plastic tote | PBOcu | | |
| 5 | | | | plastic tote | PBOcu | | |
| 6 | | | | plastic tote | PBOcu | | |
| 7 | | | | patio chair | | R, SC, Ru, 13, R, F, 8, 9 | |
| 8 | | | | patio chair | | R, SC, Ru, 18, R, F, 8, 9 | |
| 9 | | | | patio chair | | R, SC, Ru, 13, R, F, 8, 9 | |
| 58 0 | | | | patio chair | | R, SC, Ru, 18, R, F, 8, 9 | |
| 1 | | | | patio table | | R, SC, Ru, 13, R, F, 8, 9 | |
| 2 | | | | patio table | | R, SC, 10, R, SC, 8, 9, R | |
| 3 | | | | patio chair | | R, SC, Ru, 13, R, F, 8, 9 | |
| 4 | | | | patio chair | | R, SC, Ru, 18, R, 1, 13, 9 | |
| 5 | | | | patio table | | 10, R, SC, 8, 9, R, SC, H | |
| 6 | | | | M.p | cp | mirror | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 59 0 | | | | | | | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE | | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
| | Signature DAndre mitchell | 10/19/20 | | | Signature | |
| | OWNER OR AUTHORIZED AGENT | DATE | | | OWNER OR AUTHORIZED AGENT | DATE |
| | Angie McKinstry | 10.19.20 | | | Signature | |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

**EXHIBIT C**



**Statement of Claim for Lost or Damaged Goods**

## Details - Individual

**Order Number: 5536-1488**
Name: KATHERINE MCKINSTRY
Email: angevine@rmgtv.com
Home Phone: (505) 259-8536
Alt. Phone:
Shippment Type: Individual
Valuation Correct on Bill of Lading: No
Valuation Type: Full Replacement Valuation Protection (FRVP)
Deductible: 0

| Origin | Destination |
|---|---|
| 1621 Soplo Rd SE<br>Albuquerque,NM<br>87123 | 3709 S Vintage Way<br>Boise,ID<br>83706 |

| Image | Inv# | Type | Article | Packing Details | Estimated Weight | Present Value | Original Cost | Amount Claimed |
|---|---|---|---|---|---|---|---|---|
| | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | | | | $100.00 |
| Broken | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Solid Cherry Dresser | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Scraped surface. Item was brand new to house. | | | | | | | | |
| Can be repaired: No | | | | | | | | |

**BEKINS**

Bekins Van Lines, Inc. - 8010 Castleton Road, Indianapolis, IN 46250
Phone: 833-425-4982 Email: claims@wvlcorp.com



## Statement of Claim for Lost or Damaged Goods

|  | unknown | Damaged | Broken Goblet part of collection | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images<br>Carton Damage Images | unknown | $100.00 | $100.00 | $100.00 |
|---|---|---|---|---|---|---|---|---|
| Goblet broken at stem<br>Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Eagle feathers detached<br>Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Broken | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $50 | $50 | $50 |
| Broken, un-reparable<br>Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $200.00 | $200.00 | $200.00 |
| Broken glass<br>Can be repaired: Yes | | | | | | | | |
|  | unknown | Damaged | Solid Cherry Desk | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Leg screws stripped<br>Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Scratched and scuffed solid cherry side chest | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |



**Statement of Claim for Lost or Damaged Goods**

|  |  |  |  | Carton Damage Images |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| Furniture scratched top and scuffed edges | | | | | | | | |
| Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Broken table | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images<br>Carton Damage Images | unknown | $200.00 | $200.00 | $200.00 |
| Table leg broken off completely | | | | | | | | |
| Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $200.00 | $200.00 | $200.00 |
| Broken | | | | | | | | |
| Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images<br>Carton Damage Images | unknown | $500.00 | $500.00 | $500.00 |
| Broken | | | | | | | | |
| Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Furniture Damaged | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Furniture damaged | | | | | | | | |
| Can be repaired: No | | | | | | | | |
|  | unknown | Damaged | Round table damaged | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | unknown | $2,000.00 | $2,000.00 | $2,000.00 |



**Statement of Claim for Lost or Damaged Goods**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Table leg completely broken off | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Top of furniture scratched and gouged | Packed: Yes Packed by: Mover Carton Damaged: Yes Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Top of furniture scratched and gouged | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Decor | Packed: Yes Packed by: Mover Carton Damaged: Yes Carton Damage Images | unknown | $200.00 | $200.00 | $200.00 |
| Broken top to box | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Broken Glassware | Packed: Yes Packed by: Mover Carton Damaged: Yes Carton Damage Images | unknown | $50 | $50 | $50 |
| Broken glassware | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Broken Glassware | Packed: Yes Packed by: Mover Carton Damaged: Yes Carton Damage Images | unknown | $50 | $50 | $50 |
| Broken glassware | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | | Damaged | Gold frame | Packed: Yes Packed by: Mover Carton Damaged: Yes | | $500.00 | | $200.00 |
| Chipped edges on right and left on frame | | | | | | | | |
| Can be repaired: Yes | | | | | | | | |
| | | Damaged | Bookcase Scalloped | Packed: Yes Packed by: Mover Carton Damaged: No | | $500.00 | | $500.00 |



## Statement of Claim for Lost or Damaged Goods

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Scratched edges on bookcase | | | | | | | | |
| Can be repaired: Yes | | | | | | | | |
| | | Damaged | Bull statue | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: No | | | | $200.00 |
| Broken legs, tail and ear | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | | Missing | Pictures &<br>Paintings | | | | | $10,000.00 |

1. NOOK – MEXICAN ARTIST PAINTING BROKEN EGG ON SHELF
2. NOOK – FRAMED PICTURE ON RIGHT OF WIDE WINDOW
3. NOOK – FRAMEDPICTURE ON LEFT OF WIDE WINDOW
4. NOOK – FRAMED THREE STILL LIFE PAINTINGS ON WALL ACROSS FROM THE FIREPLACE
5. ENTRY – OIL PAINTING ON LEFT WALL OF GIRL IN GREEN, YELLOW BACKGROUND

| | | Missing | Pictures &<br>Paintings 2 | | | | | $10,000.00 |
|---|---|---|---|---|---|---|---|---|

7. LR – OVAL PAINTING FRAMED TO RIGHT OF ITEM #6 AND VENT ON WALL
8. LR – FRAMED PAINTING TO RIGHT OF WATER FEATURE BY GASTON
9. LR – FRAMED PAINTING TO RIGHT OF WATER FEATURE OF SOUTHWEST WINDOW
10. LR – FRAMED PICTURE OF RUSSIAN CHURCH BELOW WINTER TREES PAINTING
11. BR – FRAMED PAINTING OF STUCCO WALL WITH BLUE GATE OVER FIREPLACE

| | | Missing | Painting by<br>Great<br>Grandmother | | | | | $20,000.00 |
|---|---|---|---|---|---|---|---|---|

This painting has been in my family for over 100 years! This is a GIGANTIC LOSS! In pictures attached it is over arch on wall to
the left of the air vent.

**TOTAL AMOUNT CLAIMED:**     **$50,550.00**

Date Signed: 1/29/2021

Bekins Van Lines, Inc. - 8010 Castleton Road, Indianapolis, IN 46250
Phone: 833-425-4982 Email: claims@wvlcorp.com

**EXHIBIT D**

ALBUQUERQUE POLICE DEPARTMENT SUMMARY INCIDENT REPORT



**REPORT NUMBER: 210804242**

## INCIDENT INFORMATION

| INCIDENT CODE | INCIDENT TYPE | | INITIAL | X | DATE/TIME STARTED | DATE/TIME ENDED | DATE/TIME REPORTED |
|---|---|---|---|---|---|---|---|
| LRCY OTHR | Larceny - Other | | SUPP | | 10/22/2020 08:00 AM | 10/22/2020 09:15 AM | 05/23/2021 10:02 PM |

| REPORT FILED FROM | TRACKING NUMBER | LOCATION OF OCCURRENCE | APPROVED BY: |
|---|---|---|---|
| *** | T21005673 | 1621 Soplo Road Southeast, ALBUQUERQUE, NM | P6479/Michelle Quintana |

| LOCATION TYPE | THEFT TYPE | METHOD OF ENTRY | METHOD OF EXIT | PT OF ENTRY | PT OF EXIT | ENTRY LOC |
|---|---|---|---|---|---|---|
| House or Residence | Other | Unknown | | Already On | | |

## PERSON LISTINGS

| | TYPE | LAST NAME | FIRST NAME | MIDDLE NAME | DOB | RACE | | SEX | DRIVER LIC NO | LIC ST |
|---|---|---|---|---|---|---|---|---|---|---|
| | VIC | Ankrum | Kendra | | *** | *** | | * | | |
| 1 | SSN | ETHNICITY | RESIDENT | EYE COLOR | HAIR COLOR | AGE | HEIGHT | | WEIGHT | CELL PHONE |
| | | *** | *** | | | | | | | |
| | EMAIL | | RESIDENCE ADDRESS | | | | | | HOME PHONE | |
| | KANKRUM13@GMAIL.COM | | *** | | | | | | *** | |
| | EMPLOYER NAME | | BUSINESS ADDRESS | | | | | | WORK PHONE | |
| | Atkins Law Offices | | *** | | | | | | | |

## PROPERTY LISTINGS

| | INVL | ITEM | | QUANTITY | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| | STN | Keepsakes and Collectibles - Painting | | 1 | | | | |
| 1 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE | DMG VALUE | |
| | | | | | | $ 2400.00 | $ | |
| | DESCRIPTION | | | | | | | |
| | Gold framed oil painting by Mexican artist Prieto of broken egg on shelf | | | | | | | |

| | INVL | ITEM | | QUANTITY | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| | STN | Keepsakes and Collectibles - Painting | | 1 | | | | |
| 2 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE | DMG VALUE | |
| | | | | | | $ 20000.00 | $ | |
| | DESCRIPTION | | | | | | | |
| | Framed oil painting of girl in green with yellow background, by C. Gober | | | | | | | |

| | INVL | ITEM | | QUANTITY | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| | STN | Keepsakes and Collectibles - Painting | | 1 | | | | |
| 3 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE | DMG VALUE | |
| | | | | | | $ 50000.00 | $ | |
| | DESCRIPTION | | | | | | | |
| | Framed watercolor painting of houses by Mary Louise Simpson Walker | | | | | | | |

REPORT NUMBER: 210804242

**PROPERTY LISTINGS**

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 1 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 4 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 3800.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Framed painting by Gaston Latouche titled Pardon in Brittany (recreation) | | | | | | | |

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 1 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 5 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 2100.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Watercolor painting of doorway | | | | | | | |

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 3 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 6 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 885.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Framed still life paintings | | | | | | | |

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 1 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 7 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 1200.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Framed picture of Russian church | | | | | | | |

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 1 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 8 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 2200.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Framed painting of stucco wall with blue gate | | | | | | | |

| | INVL STN | ITEM Keepsakes and Collectibles - Painting | | QUANTITY 1 | BRAND | | MODEL | |
|---|---|---|---|---|---|---|---|---|
| 9 | SERIAL NO | | OWNER APPLIED NO | | COLOR | MKT VALUE $ 950.00 | | DMG VALUE $ |
| | DESCRIPTION | | | | | | | |
| | Framed oval painting of nature scene. | | | | | | | |

REPORT NUMBER: 210804242

| PROPERTY LISTINGS | | | | | | | |
|---|---|---|---|---|---|---|---|
| | INVL | ITEM | QUANTITY | BRAND | | MODEL | |
| 10 | STN | Keepsakes and Collectibles - Painting | 2 | | | | |
| | SERIAL NO | | OWNER APPLIED NO | COLOR | MKT VALUE | DMG VALUE | |
| | | | | | $ 1600.00 | $ | |
| | DESCRIPTION | | | | | | |
| | Framed painting of patio and staircase | | | | | | |

| NARRATIVE |
|---|
| My client, Angie McKinstry, was moving from Albuquerque to Idaho.  She hired Belkins/Prorelo to pack and move her household items. Upon receiving her items in Boise, 13 paintings were missing. These were the only items missing and Belkins/Prorelo claim to have no record of them. They are listed on the inventory but were packed and loaded by Belkins/Prorelo employees. My client last saw them at her house in Albuquerque when the employees packed them. |

**EXHIBIT E**

| Description | Age | Notes | Value |
|---|---|---|---|
| Constantine Platter | 1991 | Handmade by Daughter | $2,000.00 |
| Goblet Glass Collection - part of a 33-piece set from Neiman Marcus | 2006 | Is no longer made | $100.00 |
| Décor Eagle Feathers - Indian piece of art | 2007 | Ruined the feathers, detached upon delivery | $1,000.00 |
| Hand Carved Wooden Set | 2007 | Cracked and pieces broken off | $80.00 |
| Fishing Picture Frame | 2007 | Broken glass | $60.00 |
| Cherry Desk with Leather top | 2007 | Scuffed, had to put legs pack on, screws stripped | $4,476.78 |
| Cherry Side Chest | 2007 | Had to put back together, legs broken off | $790.02 |
| Gladiator Statue Head | 2007 | Broken pieces off it | $175.00 |
| Wooden Ducks | 2007 | Tail feathers were broken off, attempted to repair. | $450.00 |
| Dining Table with Marquetry - Round Table legs | 2007 | Legs broken off, top scuffed to the point it is valueless | $2,828.27 |
| Broken Picture Frames | 2007 | | $65.84 |
| Antelope Statue | 2007 | Horns broken off | $658.35 |
| Glassware | 2007 | Various glassware, 10 pieces | $658.35 |
| Gold Frame | 2007 | Picture of children on living room wall, gold frames gouged | $2,765.07 |
| Tiered Bookcase | 2007 | Scuffs and gouges | $987.53 |
| Bull Statue | 2007 | Missing Tail, all 4 legs, ear, tusk was broken off, not repairable | $1,200.00 |
| Sleigh bed | 2007 | Scuffed | $3,950.10 |
| Nightstand | 2007 | Scuffed | $724.19 |
| Entertainment Console | 2007 | Scuffed | $1,909.22 |
| Dresser | 2007 | Scuffed | $2,435.90 |
| Leather Ottoman and Chair | 2007 | Scuffed | $2,501.73 |
| End Table | 2007 | Scuffed, (unique wood) | $790.02 |
| Original picture, frame | 2007 | Broken Glass | $131.67 |
| Grandfather clock | 2007 | Scuffed | $4,608.45 |
| Metal Leaf Table | 2007 | Glass is missing | $171.17 |
| White Buffalo painting frame | 1978 | Frames gouged out | $6,583.50 |
| Bronze and Glass Sofa Table | 2007 | Scuffed, glass top chipped | $1,580.04 |
| Queen Bed | 2007 | Scuffed, one post the screws have been stripped | $1,909.22 |
| Hope Chest | 1980 | Scuffed (gift to daughter, 1980's) | $1,283.78 |
| 4 side chairs | 2007 | Scuffed and large gouges | $2,212.06 |
| 8 Queen Anne Chairs | 2007 | Scuffed and gouges | $6,867.91 |
| Queen Anne Table | 2007 | Scuffed and gouges | $3,950.10 |
| Sideboard | 2007 | Scuffed | $2,370.06 |
| GOLD FRAMED OIL PAINTING BY MEXICAN ARTIST PRIETO OF BROKEN EGG ON SHELF | 1970 | MISSING | $2400.00 |
| PATIO PAINTING -1 | | MISSING | $800.00 |
| PATIO PAINTING - 2 | | MISSING | $800.00 |
| 3 FRAMED STILL LIFE PAINTINGS | | MISSING | $885.00 |

| | | | |
|---|---|---|---|
| FRAMED OIL PAINTING OF GIRL IN GREEN, YELLOW BACKGROUND, OIL PAINTING BY CONSTANTINE GOBER, CIRCE 1971 | | MISSING | PRICELESS $20,000 |
| FRAMED WATERCOLOR PAINTING OF HOUSES (BY GREAT GRANDMOTHER, MARY LOUISE SIMPSON WALKER 1861-1906, HER PAINTING HAVE BEEN IN THE ANGEVINE FAMILY FOR OVER A CENTURY) | 1881 | MISSING | PRICELESS $50,000 |
| OVAL PAINTING | | MISSING | $950.00 |
| FRAMED PAINTING BY FRENCH PAINTER, GASTON LATOUCHE TITLED PARDON IN BRITTANY, 1896, PRINT OF ORIGINAL HANGING IN CHICAGO MU-SEUM OF ART | 1896 | MISSING | $3800.00 |
| WATERCOLOR PAINTING OF DOORWAY | | MISSING | $2100.00 |
| FRAMED PICTURE OF RUSSIAN CHURCH | | MISSING | $1200.00 |
| FRAMED PAINTING OF STUCCO WALL WITH BLUE GATW | | MISSING | $2200.00 |
| | | **TOTAL VALUE:** | **$139,284** |