REUNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHERINE ANGEVINE McKINSTRY,<br><br>  Plaintiff,<br><br>  v.<br><br>WHEATON GROUP, INC., *et al.*,<br><br>  Defendants. | Case No. 1:21-cv-00444-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant ProRelo, Inc.'s Motion to Dismiss for: (1) Insufficient Process and Insufficient Service of Process, and (2) Failure to State a Claim, Due to Preemption. For the reasons explained below, the Court will grant the motion, in part, in that it will order plaintiff to effect service upon ProRelo within 30 days. If service is not effected by that date, the Court will dismiss the complaint as to ProRelo. If, on the other hand, service is effected, ProRelo may renew its Rule 12(b)(6) motion.[1]

---

[1] The remaining defendants have filed a motion for judgment on the pleadings – raising similar arguments to those ProRelo raises here – but that motion is not yet ripe. The Court finds it will be more efficient to address ProRelo's Rule 12(b)(6) motion – if that becomes necessary – at the same time it resolves the other defendants' motion for judgment on the pleadings.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

In November 2021, Plaintiff Katherine McKinstry sued four defendants: Wheaton Group, Inc., Wheaton World Wide Moving, Bekins Van Lines, Inc., and ProRelo, Inc. She alleges that defendants agreed to move her personal and household items from New Mexico to Idaho but lost or damaged several items. A few weeks after she filed her complaint, plaintiff filed a form "Clerk's Entry of Default," supported by counsel's declaration stating that all defendants had been served but none had responded. Three of defendants – Wheaton Group, Wheaton World Wide and Bekins – later answered the complaint, and plaintiff withdrew her request for entry of default as to those defendants. The fourth defendant – ProRelo Inc. – has filed a motion to dismiss based in part on insufficient service of process. Plaintiff has not responded to that motion, which was filed on February 2, 2022.[2]

## LEGAL STANDARD

ProRelo brings its motion under Federal Rules of Civil Procedure 12(b)(4), (5), and (6). Because the Court has determined that ProRelo has not been properly served, the Court will not reach ProRelo's argument under Rule 12(b)(4) and (6) and will instead focus solely on the Rule 12(b)(5) motion, which permits the Court

---

[2] Plaintiff's response was originally due on March 2, 2022. She missed that deadline and the Court later approved the parties' stipulation, which gave plaintiff until April 11, 2022 to respond. *See* Dkt. 27. She still has not responded. Accordingly, rather than letting this motion linger on the docket, the Court will resolve it without further briefing.

MEMORANDUM DECISION AND ORDER - 2

to dismiss for insufficient service of process.

As a threshold matter, Federal Rule of Civil Procedure 4(m) obligates plaintiffs to serve defendants within 90 days of filing their complaint. Rule 4(h), in turn, lays out the federal rules relating to service upon a corporation. The provisions relevant here provide that corporations must be served: "(1) in a judicial district of the United States" in one of two ways:

> *First*, the plaintiff may effect service "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appoint or by law to receive service of process *and* if the agent is one authorized by statute and the statute so requires – *by also mailing* a copy . . . to the defendant;" or
>
> *Second,* the plaintiff may effect service "in the manner prescribed by Rule 4(e)(1) for serving an individual."

Fed. R. Civ. P. 4(h)(1)(A)&(B).

Rule 4(e)(1), in turn, provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). In other words, plaintiff has the option of effecting service upon ProRelo by complying with directives of state procedural law (either Idaho or New Mexico, in this instance) for service of process.

More generally, a plaintiff bears the burden of demonstrating proper service. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). And under Rule 4(m), if a defendant is not properly served, "the court—on motion or on its own after notice

MEMORANDUM DECISION AND ORDER - 3

to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made in a specified time." Fed. R. Civ. P. 4(m). The rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.; *see generally Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

## ANALYSIS

As noted above, plaintiff shoulders the burden of establishing proper service. Yet she has not responded to this motion and, further, there is no evidence in the record showing that Defendant ProRelo has been properly served.

First, Plaintiff did not even attempt to effect personal service. Rather, plaintiff's only attempt at service has been to mail a copy of the summons and complaint. More specifically, the declaration on file with the Court establishes only that somebody (presumably plaintiff's attorney) mailed something – there is no detailed proof of service – to the address shown below, and there is no proof that anyone at ProRelo signed for the mailing:

> Prorelo Moving + Storage
> 1600 1st ST NW
> Albuquerque, NM 87102

There are at least three problems with this attempt at service. First, the person effecting service must not be party to the suit. Fed. R. Civ. P. 4(c)(2). Second, certified mail is a not a proper method for effecting service under the Federal Rules of Civil Procedure. Third, plaintiff has failed to properly effect

MEMORANDUM DECISION AND ORDER - 4

service under Idaho's or New Mexico's procedural laws.

In Idaho, a corporation must be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Idaho R. Civ. P. 4(d)(3)(A). Under certain circumstances, certified mail may be used to serve either a domestic corporation or a foreign corporation that has qualified in Idaho by filing with the Idaho Secretary of State. Idaho R. Civ. P. 4(d)(3)(C)(i). But here, there is no evidence that ProRelo is either a domestic corporation or a foreign corporation that is registered to do business in Idaho. Just the opposite. *See Killman Dec.,* Dkt. 16, ¶ 8. Further, the fact that ProRelo received the mailing does not equate to sufficient service of process. *Campbell v. Reagan*, 159 P.3d 891 (Idaho 2007) (finding that where service of process was inadequate, mailing a copy of the summons and complaint merely put the defendant of notice of the claim). McKinstry has thus failed to serve ProRelo under the Idaho Rules of Civil Procedure.

McKinstry does not fare any better under the New Mexico Rules of Civil Procedure. In New Mexico, service may be made by mail *if* the defendant or a person authorized by appointment or by law to accept service of process signs a receipt for the envelope or package containing the summons and complaint. NMRA, Rule 1-004(E)(3). Here, the record does not contain a delivery receipt signed by an authorized agent from ProRelo. Although ProRelo received the

mailing, actual notice does not equate to proper service. *Flagstar Bank, FSB v. Mavestrand*, No. 33,212, 2014 WL 3050981 at *2 (N.M. Ct. App. May 29, 2014) (actual notice alone is not enough to give the court jurisdiction absent the defendant being properly summoned into court). Consequently, service made upon ProRelo was ineffective under New Mexico law.

## ORDER

**IT IS ORDERED that** Defendant ProRelo's Motion Dismiss (Dkt. 14) is **GRANTED in part** and **DEEMED MOOT in part**, as follows:

1. ProRelo's motion to dismiss is **GRANTED** to the extent the Court will order Plaintiff to effect service on ProRelo within 30 days of this Order. If Plaintiff fails to serve ProRelo, the Court shall then dismiss the complaint without further notice to Plaintiff.

2. ProRelo's Rule 12(b)(6) motion is **DEEMED MOOT**. ProRelo may renew this aspect of its motion if Plaintiff effects proper service.

3. Plaintiff's pending request for entry of a Clerk's Default under Federal Rule of Civil Procedure 55(a) as to Defendant ProRelo, *see* Dkt. 3, is **DENIED**.

DATED: April 15, 2022

_____
B. Lynn Winmill
United States District Judge