**Kendra Ankrum ISB #11169**
ANKRUM ORTIZ LAW OFFICE, PLLC
10400 W. Overland Rd. #309
Boise, Idaho 83709
Email:  kendra@aolawoffice.com
Telephone:  (208) 297-3324

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHERINE ANGEVINE McKINSTRY, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>WHEATON GROUP, INC., an Indiana corporation;<br>WHEATON WORLD WIDE MOVING, an Indiana corporation;<br>BEKINS VAN LINES, INC. an Indiana corporation;<br>AND<br>PRORELO INC., a New Mexico corporation;<br><br>       Defendants. | **CASE NO. 1:21-cv-444**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1.  Carmack Amendment,<br> 49 U.S.C. § 14706<br><br><br>**JURY TRIAL DEMAND** |

   **COMES  NOW**,  Plaintiff  KATHERINE  ANGEVINE  McKINSTRY,  an  individual, presenting their complaint herein against Defendants WHEATON GROUP, INC., an Indiana corporation, WHEATON  WORLD  WIDE  MOVING,  an  Indiana  corporation,  BEKINS  VAN LINES, INC., an Indiana corporation, and PRORELO, INC., a New Mexico corporation, and demanding trial by jury, complains and alleges as follows:

## NATURE OF THE CASE

1.        This action arises as a result of Prorelo, and all Defendants through their agency relationship and/or actions of each, inducing Plaintiff to agree to a contract for moving services through the use of fraudulent misrepresentations about and unfair and deceptive practices with respect to the packing, storage, and delivery of the entirety of Plaintiff's worldly possessions from Albuquerque, New Mexico to Boise, Idaho.

2.        Defendants misrepresented the quality, characteristics, and capability of their moving services, including but not limited to: the care and respect given to the entirety of Plaintiff's worldly possessions, the services that would be performed, and the provision of insurance should items be damaged or lost.

3.        Defendants not only overpromised, but also committed fraud in order to induce Plaintiff into hiring them for her move. This includes promising an insurance policy which Defendants have since failed to acknowledged and false statements provided on Defendant ProRelo's website, resulting in substantial losses to Plaintiff exceeding $150,000 in damaged items, the cost of services that were not performed or were performed below the industries standard of care, personal time and expense incurred by Plaintiff.

4.        Additionally, the Defendants negligently inflicted emotional distress upon Plaintiff when she realized that a large portion of her possessions were either lost, damaged, or destroyed. Among the thirteen (13) paintings lost while in Defendants' control was a painting from the late 1800's done by Plaintiff's grandmother and a painting from early 2000's done by Plaintiff's life partner. These two paintings are priceless because of the sentimental value as both artists are no longer living. Defendants compounded the emotional distress by refusing to acknowledge the

wrongs done, by refusing to compensate Plaintiff for the losses, and forcing Plaintiff to spend the last year fighting the injustice of Defendants actions.

5.          Through this action, Plaintiff seeks to recover the damages to her personal property and for the negligent emotional stress inflicted by Defendants, to stop Defendants' fraudulent practices, and to punish Defendants' blatant violation of consumer protections.

<u>**JURISDICTION AND VENUE**</u>

6.          This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1337 and 49 U.S.C. § 14706.

7.          This Court also has jurisdiction over the action pursuant to 28 U.S.C. § 1332, providing for jurisdiction where, as here, the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs, and there is complete diversity of citizenship.

8.          Venue is proper in this Court pursuant to 49 U.S.C. § 14706(d). Venue is also proper pursuant to 15 U.S.C. § 15, 15 U.S.C. §22, and 28 U.S.C. §1391. One or more Defendants transacted business, were found, or had agents in this District, and a substantial portion of the affected interstate trade and commerce described in this Complaint was carried out in this District.

<u>**PARTIES**</u>

9.          Plaintiff KATHERINE ANGEVINE McKINSTRY, ("Plaintiff" or "McKinstry"), is a resident of the State of Idaho, County of Ada.

10.          Plaintiff is informed and believes and thereon alleges that Defendant THE WHEATON GROUP, is a corporation duly organized and existing under the laws of the State of Indiana, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

11.          Plaintiff is informed and believes and thereon alleges that Defendant WHEATON WORLD WIDE MOVING is either wholly or partially owned by THE WHEATON GROUP or

**First Amended Complaint and Demand For Jury Trial  - 3 -**

another subsidiary thereof, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

12.        Plaintiff is informed and believes and thereon alleges that Defendant BEKINS VAN LINES, INC. ("Bekins") is either wholly or partially owned by THE WHEATON GROUP or another subsidiary thereof, and has its principal place of business at 8010 Castleton Rd. Indianapolis, IN 46250.

13.        Plaintiff is informed and believes and thereon alleges that Defendant PRORELO, INC. ("ProRelo") is a corporation duly organized and existing under the laws of the State of New Mexico and has its principal place of business at 1600 1st Street NW, Albuquerque, NM 87102.

14.        Plaintiff is informed and believes and thereon alleges that Defendant PRORELO MOVING AND STORAGE is in a contractual relationship as an agent for BEKINS VAN LINES, INC..

15.        Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries, as hereinafter alleged, were proximately caused by the act of such Defendants, and each of them.

16.        Plaintiff is informed and believes and thereon alleges, that at all times mentioned, each of the Defendants was the agent and/or an subsidiary of each of the remaining Defendants and in so doing the things hereinafter alleged, was acting within the scope of such agency.

## FACTS COMMON TO ALL CLAIMS

17.        On September 21, 2020, Plaintiff contacted Defendant ProRelo to receive a quote on moving her household from Albuquerque, New Mexico to Boise, Idaho.

**First Amended Complaint and Demand For Jury Trial  - 4 -**

18.        During the inventory process and prior to engaging Defendants, Defendants made various assurances as to the care and safety of Plaintiff's property while in the possession of Defendants.

19.        The Defendant's representative during these conversations appeared very professional and answered all of Plaintiff's questions to her satisfaction.

20.        On September 22, 2020, Plaintiff received an email communication from ProRelo providing a cube inventory and a final Guaranteed quote ("Moving Contract") (Exhibit A) for $24,621.39. In said email, Defendants indicated they would provide a $150,000 insurance policy with a $0 deductible for any damaged or lost items while in Defendants' control and care. The Defendants indicated this was to provide assurance that all of Plaintiff's possessions would be well taken care of as she had previously indicated that her possessions were not only valuable, but held significant sentimental value.

21.        Said email indicated that the quote included full replacement insurance, one month storage at Defendants' facility, and moveout cleaning of the home. There was also a verbal guarantee that the movers in Boise would assist Plaintiff with setting up furniture and placing boxes in the appropriate rooms. Defendants guaranteed that they would

22.        Further, the Moving Contract included said terms: insurance for transportation with a Full Value Replacement at $150,000 and a deductible of $0; and insurance for storage with a Storage Valuation at $150,000 and a deductible of $0. *See* Exhibit A.

23.        Plaintiff believed she would receive a quality moving service and therefore entrusted Defendants with almost everything she owned.

24.        On September 23, 2020, Plaintiff sent an email to Defendants indicating she would like to engage their services and included a specific list of items that Plaintiff was most concerned

about during the move. Among said items specifically listed, two of the paintings are completely missing and four items of furniture were damaged.

25.          On September 24, 2020, Plaintiff received a response from Defendants stating "The items that you are concerned about obviously we are concerned about, too. We intend to take good care of all of those pieces because if for no other reason, we are insuring them."

26.          On September 24, 2020, Plaintiff received an email from Defendants indicating dates and times for packing and loading Plaintiff's possessions. This email also directed Plaintiff to Defendant's FAQ page website, a "Moving Picture Gallery", and a "Drone Video Tour" of the actual storage facility. The websites contained the following:

> Looking for the best professional moving and storage company in New Mexico? Look no further. You just found us. ProRelo Inc. stands for "professional relocation" because that is exactly what you want in a mover and that is exactly the service we provide from start to finish.
>
> Here at ProRelo, the focus is on quality service for a great value. We may not be the cheapest moving option, but when you need your move done the right way, we are the best option for a mover in Albuquerque or New Mexico. Did you know we are an Angie's List member company? In fact, we're the only major New Mexico moving company on Angie's. We are A rated and even won Angie's famous and highly coveted "Super Service Award" for the high volume of outstanding reviews we received from members in 2014, 2015 and now 2016! We are also an A+ rated member of the Better Business Bureau.
>
> insurance policies for the protection of our customers. You can rest assured that your goods are protected during the moving process. Many of our competitors are unlicensed and there's no one to hold them accountable if there are problems or damages during your move. You wouldn't hire an unlicensed plumber, building contractor, or ambulance, so why hire an unlicensed mover?

**First Amended Complaint and Demand For Jury Trial  - 6 -**

Bekins Moving Services of Albuquerque can take care of
every physical aspect of your local (or
interstate/international!) move so that you can do the
things you need to do like setting up utility services for your
new home. We can do your packing and unpacking for you.
We have top-quality moving boxes, specialty bubble wrap
and sanitized wrapping paper. You don't have to trust your
china or collectibles to newspaper. We will safely and
professionally wrap and pack your household goods as
well as your furniture so that it doesn't get scratched or
dinged during the move.

Here at ProRelo, we believe a picture or video is worth a thousand words. This video is of our actual Albuquerque facility
and employees doing a typical day of work in our shipping and storage facility, condensed down to only about two
minutes. Here at ProRelo, if your local, intra-state, out of state, or even international move requires any storage, our facility
is insured, clean, safe, secure, and state of the art. We work hard everyday here to handle, protect, and safeguard the
treasured possessions of our valued clients – from our household moving clients to our large online and retail customers
that ship to us for final-mile delivery performance around the state and West Texas. Our storage and warehouse facility is
over 50,000 square feet with twelve dock doors and a convenient location in the heart of Albuquerque. Thanks for
watching our drone video!

27.        Many of the above statements refer to quality moving that can be trusted. Yet, the

Defendants' actions suggest anything but quality and trust. Defendant's boast:

"your goods are protected during the entire moving process …," and

"our facility is insured, clean, safe, secure, and state of the art[,]" and

"We work hard to handle, protect, and safeguard the treasured possessions of our

valued clients …." and

"We will safely and professionally wrap and pack your household goods as well as

your furniture so that it doesn't get scratched or dinged during the move."

Plaintiff and her possessions were not awarded any of these false promises.

28.        "we're the only major New Mexico moving company on Angie's" - There are at

least six (6) moving companies on Angie's List serving the Albuquerque area that have a large

interstate presence. Two (2) of these companies are also based out of New Mexico. Additionally,

there are five (5) moving companies serving the Albuquerque area that have one the "highly

coveted" Super Service Award for 2020, Defendants are not one of them.

**First Amended Complaint and Demand For Jury Trial  - 7 -**

29.        **"**We are 'A rated'" – Angie's List, or Angie.com now, does not have an identifiable letter rating system.

30.        "We … even won Angie's famous and highly coveted "Super Service Award" for the high volume of outstanding reviews we received from members in 2014, 2015 and now 2016! - Although Defendants may have won awards from Angie's List in 2014 and 2016, as Defendant ProRelo is using the Super Service Award Trademark for those years, there are no reports of Defendants receiving the reward in 2015, and in fact, Defendant Bekins' website only lists 2014 and 2015. A second 2016 award image is used in place of a 2015 award. Also, the criteria for receiving said award does not include "high volume of outstanding reviews."







**First Amended Complaint and Demand For Jury Trial  - 8 -**

31.        Moreover, since 2016, the reviews listed on Angie's List are either local services with mostly satisfied customers, or interstate services with six out of eight (6/8) customers giving a rating of 1 or 2.

32.        In addition to the false and misleading Angie's List representations, Defendants list a 2020 Presidents Club award, which Plaintiff is informed and believes and thereon alleges that said award was nonexistent or unearned and was meant to mislead customers. Even if we assume this award is referring to a legitimate award such as the Bekins Presidents Club or The Wheaton Group Presidents Club, ProRelo, nor its employees, are listed as recipients.



33.        Not only do Defendants use false and misleading statements, but by the fact that they are false, Defendants are in direct violation of licensing laws:

        "Bekins local moving services of Albuquerque is licensed by the state."

According to the New Mexico Public Regulation Commission, there is no current registration of a company by the name of Bekins, ProRelo, or Wheaton.

Bekins local moving services of Albuquerque is licensed by the state. Our trucks are inspected and our drivers and insurance are checked out regularly, so you can rest assured that your goods are safe with us and we are accountable for transporting them securely. We are the only moving company in New Mexico legally allowed to offer a guaranteed price for local and in-state moves, as well as around the country. Why trust your move to fly-by-night, unlicensed movers? Take the stress out of your move by dealing with a reputable, professional moving company.

**First Amended Complaint and Demand For Jury Trial  - 9 -**

34.          Defendants continue by providing false legal conclusions:

"We are the only moving company in New Mexico legally allowed

to offer a guaranteed price for local and in-state moves, as well as

around the country."

There is no legal right to offer a guaranteed price, nor is Defendant ProRelo the ONLY moving

company allowed to offer such price guarantees. In fact, these are well known and often used in

the moving industry.

35.          In addition to the aforementioned, Defendants made the following verbal

representations to Plaintiff prior to Plaintiff agreeing to use Defendant's services:

   a.  'We have a tremendous level of satisfaction'

   b.  'We are very experienced'

   c.  'Your furniture and belonging are in great hands'

   d.  'Nothing will be damaged'

   e.  'We take extra care of your furniture and belongings'

   f.  'Trust us to provide you with a worry-free moving experience'

   g.  'Just to give you more piece of mind we are adding $150K special insurance'

   h.  'We pack all your items, store it here in ABQ, and all you have to do is call us and

       we deliver your items right away'

   i.  'Your items will be stored in a special place in our warehouse just for your items'

   j.  'You have nothing to worry about or be concerned about'

36.          Packing and loading of the entirety of Plaintiff's home was done on October 19-21,

2020.

**First Amended Complaint and Demand For Jury Trial  - 10 -**

37.          The final moving date was October 22, 2020 and the Defendants' agent again did a full household inventory. (Exhibit B).

38.          Plaintiff received delivery of her household on November 24, 2020. At the time of delivery, Plaintiff noticed that much of the furniture was damaged and asked the movers that were unloading the furniture about it. These movers took no responsibility and simply blamed the damaged furniture on the people who loaded the truck. They unloaded the entire truck in a rush without taking reasonable care to ensure there was no further damage done.

39.          Additionally, Defendants previously assured the Plaintiff that the movers unloading in Boise would provide assistance in setting up the furniture and placing items in the correct rooms. The movers refused to do any of these things while unloading the moving truck. It was such an issue that the movers began acting unprofessionally and disrespectful.

40.          Plaintiff did not sign the landing slip indicating all of her items were present, as she had not been given adequate time to verify the full shipment arrived.

41.          Upon inspection of the items, there were numerous damaged items, along with thirteen (13) missing paintings.

42.          Defendant contacted ProRelo on November 24, 2020, expressing her concerns and displeasure with the movers and the condition of her possessions. ProRelo responded by stating that "Damage claims are handled quickly by Bekins corporate office upon being reported by the customer …."

43.          On December 30, 2020, Plaintiff began the claims process through Bekins and on January 29, 2021, successfully completed a Statement of Claim for Lost or Damaged Goods (Claim # 5536-1488, Exhibit C) ("Damage Claim"). Along with various damaged items, Plaintiff listed the thirteen (13) missing paintings.

**First Amended Complaint and Demand For Jury Trial  - 11 -**

44.        On March 9, 2021, almost three months later, Plaintiff received a response to the Damage Claim from a claims adjuster with The Wheaton Group, who indicated that the paintings cannot be found.

45.        Because of the Defendants' apparent lack of concern with finding the missing paintings, Plaintiff employed the law firm of Ankrum Ortiz Law Office, PLLC to attempt to recover the missing paintings and recover for damages sustained.

46.        On March 25, 2021, a demand letter was sent to Scott Ogden, General Counsel/Senior Vice President, at Bekins Van Lines, Inc. and Max Killman, President of ProRelo Moving and Storage. Said demand letters were sent via certified mail and were received on March 29, 2021, and March 30, 2021, respectively. This letter requested the thirteen missing paintings be found and returned, or in the alternative, a sum be paid as compensation. No response has been received to said letter.

47.        On March 25, 2021, Plaintiff received an email from a claims manager at The Wheaton Group in response to Plaintiff's Damage Claim. Attached to said email was a Settlement Letter offering to cover the repair costs of three damaged items. No mention was made as to the paintings or other damaged items, nor to the insurance policy promised prior to Plaintiff hiring the Defendants.

48.        Additionally, this email indicated that no liability would be had for any missing items as "everything we receive was accounted for at delivery and signed for as being received." Plaintiff intentionally did not sign upon delivery as she had not been given the opportunity to verify everything actually had been received.

49.        On March 25, 2021, Plaintiff's counsel responded to the Defendant's March 25 email indicating that the Plaintiff would not be accepting the settlement.

**First Amended Complaint and Demand For Jury Trial  - 12 -**

50.        A check was subsequently received from The Wheaton Group for the amount indicated in the Settlement Letter. This check was immediately returned to Defendants.

51.        On May 23, 2021, a police report was filed with the Albuquerque Police Department in regards to the missing paintings (Exhibit D).

52.        On May 27, 2021, a second demand letter was sent via email to Andrew Burns, General Counsel at Wheaton World Wide Moving; Max Killman, President of ProRelo Moving and Storage; and Brad Killman, Vice President and General Manager of ProRelo Moving and Storage.

53.        Said letter included a full inventory of affected items including: the missing paintings, items that were damaged beyond repair, items damaged yet still functional, items damaged but repairable, and estimated values for each. (Exhibit E).

54.        On July 14, 2021, an email was received from the Director of Claims at The Wheaton Group, acknowledging receipt of the second letter and indicating they were in the process of reviewing the information. No other communication has been received from the Defendants.

55.        As of the time of filing, there has been no substantive response to any of Plaintiff's demand letters or communications.

56.        Plaintiff subsequently filed this complaint due to Defendant's breach of contract, fraud, misrepresentation, and due to the blatant violations of the consumer protection acts.

57.        As a direct and proximate result of the fraudulent conduct by defendants, their agents, servants, and employees, Plaintiff has sustained compensable losses including attorney's fees, economic losses, the value of plaintiff's time, and emotional distress and discomfort from the loss of irreplaceable family heirlooms and damage to a majority of Plaintiff's possessions.

**First Amended Complaint and Demand For Jury Trial  - 13 -**

58.        In doing the acts described in this complaint, the Defendants acted deceitfully, oppressively, maliciously, and outrageously toward Plaintiff, with a constant disregard of plaintiffs' rights and with the intention of using the Defendants' economic and financial power and position to the detriment of Plaintiff, with the intention of benefitting Defendants financially, and intentionally causing or recklessly disregarding the probability of causing emotional distress to Plaintiff. Therefore, the Plaintiff is entitled to recover punitive and exemplary damages against the Defendants.

## FIRST CLAIM FOR RELIEF
### (Violation of Carmack Amendment, 49 U.S.C. § 14706 Against All Defendants)

59.        Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 58, inclusive, as though set forth in full herein.

60.        Defendants are motor carriers or freight forwarders pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment") with respect to the shipment of Plaintiff's household goods. Pursuant to the Carmack Amendment, Defendants are liable to Plaintiff for the actual loss or injury which occurred during shipping.

61.        By reason of the foregoing, Plaintiff has been injured in an amount of at least $150,000, plus amounts already paid to Defendants.

## REQUEST FOR ATTORNEY FEES

Plaintiff has been required to retain the services of Ankrum Ortiz Law Office, PLLC, and has, and will continue to, incur reasonable attorney fees and costs. As said services are being provided on a contingency basis, the sum of $50,000 is reasonable should this matter be resolved by default. Plaintiff alleges and makes claim for attorney fees and costs incurred pursuant to the Carmack Amendment, 49 U.S.C. § 14708(d).

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and any other applicable statute, rule, or regulation, Plaintiff hereby demands trial by jury as to all issues so triable in this matter.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants as follows:

A.    Economic damages in a just and reasonable amount as determined by proof at trial, in approximately the sum of $150,000;

B.    Order the return of all amounts paid by Plaintiff to Defendants;

C.    Award pre-judgment and post-judgment interest in the maximum amount allowed by law;

D.    Award Plaintiff attorney's fees and costs incurred pursuing this action; and

E.    For such other and further relief as the Court may deem appropriate.

Date:    June 17, 2022                          /s/ Kendra S. Ankrum
                                                 Kendra Ankrum
                                                 Attorney for Plaintiff

**First Amended Complaint and Demand For Jury Trial  - 15 -**

**EXHIBIT A**



MC 770031 & USDOT 2256609

BEKINS VAN LINES, INC. USDOT 2256609 | MC 770031 8010 CASTLETON RD, INDIANAPOLIS, IN 46250  800-932-7799

| MOVE FROM | MOVE TO |
|---|---|
| Name of Shipper ANGIE MCKINSTRY | Name of Shipper |
| Address 1621 SOPLO RD. SE. | Address ORIGIN STORAGE |
| City/State/Zip AlBAQUERQUE, N-MEX | City/State/Zip BOISE, IDAHO |
| Telephone (505) 259 8536    87123 | Telephone |
| Email ANGEVINE @RMGTV. COM | Email |

| Packing Date | Loading Date | Delivery Dates |
|---|---|---|

WARNING:  If a moving company loses or damages your goods, there are two (2) different standards for the company's liability based on the types of rates you pay.  BY FEDERAL LAW, THIS FORM MUST CONTAIN A FILLED-IN ESTIMATE OF VALUE OF YOUR GOODS in the event of loss of, or damage to, the goods.  This form may also contain an estimate of the cost of a move in which the moving company is liable for FAR LESS than the replacement value of your goods, typically at a lower cost to you.  You will select the liability level later, on the bill of lading (contract) for your move. Before selecting a liability level, please read "Your Rights and Responsibilities When You Move", provided by the moving company, and seek further information at the government website "www.protectyourmove.gov"

## YOUR TOTAL PRICE INCLUDES ONLY THE FOLLOWING:

| | |
|---|---|
| Transportation @ 3193 cu ft = 22351 lbs | 14,399.26 |
| Full Value Replacement @ $150,000 @ deductible .0. | 1130.00 |
| Containers & Packing Services (INCLUDES CRATES) | 3710.27 |
| Other Services   GRANDFATHER CLOCK | 115.60 |
| HOME CLEANING ORIGIN | |
| Storage @ ☒ Origin   ☐ Destination | NO COST |
| Drayage @ | 2916.81 |
| Warehouse Handling @ | 1117.55 |
| Daily Rate @ $  x  30 Days  @ $33.52/DAY | 1005.90 |
| Storage Valuation $150,000 @ .6 DEDUCTIBLE | 226.00 |

Expiration  60 Days     **NO EXCUSE PRICE $ 24,621.39**

Customer's signature is required here, acknowledging this receipt of the following: 1) Quote 2) Your Rights and Responsibilities When You Move and Ready to Move brochures (which I agree may be provided electronically and 3) Inventory of items valued in excess of $100 Per Pound Per Article (High Value Inventory Form) I request the above named carrier to furnish the services described in this order, subject to the terms and conditions of Bekins Van Lines household goods bill of lading issued at the time Bekins Van Lines takes possession of this shipment

X _____          X _____ 9/21/20

   Customer Signature        Date        Carrier's Representative

VISA  MasterCard  AMERICAN EXPRESS  DISCOVER



**CUBE SHEET**

**EXHIBIT B**





THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| CARRIER | Robins | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | | PAGE # 3 | | # OF PAGES |
|---|---|---|---|---|---|---|
| AGENT # 5536 | | TAG LOT # R2475958 COLOR Yellow # | THRU | ORDER # | | |
| CUSTOMER NAME Angie mckinstry | | | MILITARY PAY GRADE/RANK | VAN # | | |

**DESCRIPTIVE SYMBOLS**

| | | | |
|---|---|---|---|
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| | | | | | |
|---|---|---|---|---|---|
| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

**LOCATION SYMBOLS**

| | | | |
|---|---|---|---|
| 1. Arm | 8. Right | 14. Drawer | |
| 2. Bottom | 9. Side | 15. Center | |
| 3. Corner | 10. Top | 16. Inside | |
| 4. Front | 11. Veneer | 17. Door | |
| 5. Left | 12. Edge | 18. Shelf | |
| 6. Leg | 13. Seat | 19. Hardware | |
| 7. Rear | | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 6 1 | | | | m.p | cp | pic | |
| 2 | | | | m.p | cp | pic | |
| 3 | | | | m.p | cp | pic | |
| 4 | | | | m.p | cp | pic | |
| 5 | | | | m.p | cp | pic | |
| 6 | | | | m.p | cp | pic | |
| 7 | | | | m.p | cp | pic | |
| 8 | | | | m.p | cp | pic | |
| 9 | | | | m.p | cp | pic | |
| 7 0 | | | | m.p | cp | pic | |
| 1 | | | | m.p | cp | pic | |
| 2 | | | | Area ,Rug | cp | Brown paper | |
| 3 | | | | Grand Father Clock | cp | Brown , shrunk , wrap | |
| 4 | | | | Sharp-copy mach | | 1S,R,SC, 8,9,R | |
| 5 | | | | D.p | cp | VCR | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 8 0 | | | | 1.5 | cp | Books | |
| 1 | | | | 1.5 | cp | Books | |
| 2 | | | | 1.5 | cp | Books | |
| 3 | | | | 1.5 | cp | Books | |
| 4 | | | | 1.5 | cp | Books | |
| 5 | | | | 1.5 | cp | Books | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 9 0 | | | | 1.5 | cp | Books | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature DAndre, Mitchell | DATE 14/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY -- TO BE SCANNED WITH ALL SHIPPING DOCUMENTS





THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

CARRIER Bekins    PAGE # 5    # OF PAGES

AGENT # 5536    TAG LOT #2175    COLOR Yellow #    THRU    ORDER #

CUSTOMER NAME Angie McKinstry    MILITARY PAY GRADE/RANK    VAN #

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 12 1 | | | | Desk | | 10, R, SC, 8, 9, 1, R, SC, 14, R, SC | |
| 2 | | | | Chair | | 13, R, 8, 9, 1, R, 5, 1, R | |
| 3 | | | | Chair | | 13, R, 8, 9, 2, R, 5, 1, R | |
| 4 | | | | table leaf | | 10, R, SC | |
| 5 | | | | table leaf | | 10, R, SC | |
| 6 | | | | 1.5 | cp | Books | |
| 7 | | | | 1.5 | cp | Books | |
| 8 | | | | 1.5 | cp | Books | |
| 9 | | | | 1.5 | cp | Books | |
| 13 0 | | | | 1.5 | cp | Books | |
| 1 | | | | 1.5 | cp | Books | |
| 2 | | | | 3.0 | cp | Lamp shade | |
| 3 | | | | D.p | cp | Decor | |
| 4 | | | | D.p | cp | Decor pics | |
| 5 | | | | 6.0 | cp | misc items | |
| 6 | | | | 3.0 | cp | globe ducks | |
| 7 | | | | A.p | cp | Decor, pics panel | |
| 8 | | | | D.p | cp | Decor, pic, panel | |
| 9 | | | | end table | | 10, R, SC, 8, 9, R, 13, R, SC | |
| 14 0 | | | | sofa table | | 12, R, SC, 8, 9, R | |
| 1 | | | | couch | | 13, SC, R, 8, 9, R, SC | |
| 2 | | | | couch | | 13, SC, R, 8, 9, R, SC | |
| 3 | | | | 05 Chair | | 8, R, 84, 1, 8, 9, R, SC | |
| 4 | | | | ottoman | | 10, R, 15, R, SC | |
| 5 | | | | Area rug | cp | Brown paper | |
| 6 | | | | Floor lamp | | 15, R, SC | |
| 7 | | | | 3.0 | cp | Plastic ware | |
| 8 | | | | 3.0 | cp | plastic ware | |
| 9 | | | | D.p | cp | glassware | |
| 15 0 | | | | D.p | cp | glass ware | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature D'ANDRE Mitchell | DATE 10/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT Signature Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # | # OF PAGES |

CARRIER: Bekins
AGENT #: 5536
TAG LOT # K247508 or Yellow #
THRU
ORDER #
VAN #
CUSTOMER NAME: BARRIE MCKINSTRY
MILITARY PAY GRADE/RANK

**DESCRIPTIVE SYMBOLS**

| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| B Bent | L Loose | SC Scratched |
| BR Broken | M Marred | SH Short |
| BU Burned | MM Mold/Mildew | SO Soiled |
| CH Chipped | MO Motheaten | ST Stained |
| CU Contents/Condition unknown | P Peeling | T Torn |
| D Dented | PS Paint spot | W Badly worn |
| F Faded | R Rubbed | WM Water mark |
| FR Frayed | RU Rusted | Z Cracked |
| G Gouged | S Stretched | |

**LOCATION SYMBOLS**

| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 15 1 | | | | Gun case | | 10, R, 12, R, SC, 8, 9, R, 2, 14, R, SC | |
| 2 | | | | night stand | | 14, R, SC, 8, 9, R, 2, 13, R, | |
| 3 | | | | m.p | CP | TV | |
| 4 | | | | Dresser | | 14, R, SC, 14, R, SC, 8, 9, R, SC | |
| 5 | | | | TV stand | | 10, R, SC, 14, R, SC, 8, 9, R, SC | |
| 6 | | | | chair | | 13, R, SC, 8, 9, R | |
| 7 | | | | chair | | 13, R, SC, 5, 9, R | |
| 8 | | | | chair | | 13, R, SC, 8, 9, R | |
| 9 | | | | chair | | 13, R, SC, 8, 9, R | |
| 16 0 | | | | wood chair | | 15, R, SC | |
| 1 | | | | wood chair | | 15, R, SC | |
| 2 | | | | m.p | CP | mirror | |
| 3 | | | | wood closet | | 10, R, SC, 8, X, SC | |
| 4 | | | | Lawyer case | | 8, 9, R, SC, PS, 8, 9, R, SC, 14, R, 15, R | |
| 5 | | | | Head Board | | 12, R, SC, 8, 9, R | |
| 6 | | | | Foot Board | | 12, R, SC, F, 9, R | |
| 7 | | | | Side Rail | | 12, R, SC | |
| 8 | | | | Side Rail | | 12, R, SC | |
| 9 | | | | matt King | CP | Bag | |
| 17 0 | | | | Box matt | CP | Bag | |
| 1 | | | | 4.5 | CP | TV stand | |
| 2 | | | | m.p | CP | His | |
| 3 | | | | m.p | CP | Frog glass | |
| 4 | | | | 1.5 | CP | Books | |
| 5 | | | | 1.5 | CP | Books | |
| 6 | | | | 1.5 | CP | Books | |
| 7 | | | | 1.5 | CP | Books | |
| 8 | | | | 1.5 | CP | Books | |
| 9 | | | | 1.5 | CP | Books | |
| 18 0 | | | | 3.0 | CP | Bedding, Decor | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature: DAndre Mitchel | DATE 10/18/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature: | DATE |
| | OWNER OR AUTHORIZED AGENT Signature: Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature: | DATE |

FORM NO. 1142 (Rev. 3/95)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

## HOUSEHOLD GOODS DESCRIPTIVE INVENTORY

PAGE # 7    # OF PAGES

CARRIER Bekins
AGENT # 5536
CUSTOMER NAME Angie, McKinstry

TAG LOT #624 7548 COLOR Yellow #

THRU

ORDER #

MILITARY PAY GRADE/RANK

VAN #

### DESCRIPTIVE SYMBOLS
| | | | |
|---|---|---|---|
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

### EXCEPTION SYMBOLS
| | | | |
|---|---|---|---|
| B | Bent | L | Loose | SC | Scratched |
| BR | Broken | M | Marred | SH | Short |
| BU | Burned | MI | Mold/Mildew | SO | Soiled |
| CH | Chipped | MO | Motheaten | ST | Stained |
| CU | Contents/Condition unknown | P | Peeling | T | Torn |
| D | Dented | PS | Paint spot | W | Badly worn |
| F | Faded | R | Rubbed | WM | Water mark |
| FR | Frayed | RU | Rusted | Z | Cracked |
| G | Gouged | S | Stretched | | |

### LOCATION SYMBOLS
| | | |
|---|---|---|
| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 19 1 | | | | 6.0 | cp | Bedding | |
| 2 | | | | 6.0 | cp | Bedding | |
| 3 | | | | 3.0 | cp | Decor | |
| 4 | | | | 3.0 | cp | chandelier | |
| 5 | | | | w.D | cp | Clothes | |
| 6 | | | | 4.5 | cp | Decor | |
| 7 | | | | 4.5 | cp | shoe + misc | |
| 8 | | | | 4.5 | cp | clothes | |
| 9 | | | | 4.5 | cp | Bath items | |
| 19 0 | | | | w.D | cp | Clothes. | |
| 1 | | | | 3.0 | cp | Bath items | |
| 2 | | | | 1.5 | cp | Bath trash can | |
| 3 | | | | 1.5 | cp | Toilet treats | |
| 4 | | | | plastic tote | PBOCU | | |
| 5 | | | | plastic tote | PBOCU | | |
| 6 | | | | plastic tote | PBOCU | | |
| 7 | | | | plastic tote | PBOCU | | |
| 8 | | | | plastic tote | PBOCU | | |
| 9 | | | | plastic tote | PBOCU | | |
| 20 0 | | | | plastic tote | PBOCU | | |
| 1 | | | | wicker chair | | W101513, ch234, ch286 W10712 | |
| 2 | | | | wicker chair | | S0101513, SC101513, SC256, SC284 | |
| 3 | | | | Night stand | | WM1013, SC454, SC284 | |
| 4 | | | | folding table | | cu, used | |
| 5 | | | | Dresser | | ch259414, SH0512, SC234, SC256 | |
| 6 | | | | head board | | | |
| 7 | | | | Side rails | | | |
| 8 | | | | foot board | | | |
| 9 | | | | office chair | | W101513, S0101513, ST101513. | |
| 21 0 | | | | filing cabinet | | D25912 | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE | | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
|---|---|---|---|---|---|
| AT ORIGIN | Signature D'Andre Mitchell | 10/18/20 | AT DESTINATION | Signature | |
| | OWNER OR AUTHORIZED AGENT Angie McKinstry | 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS





THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

Kendra Ankrum



THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

| | HOUSEHOLD GOODS DESCRIPTIVE INVENTORY | PAGE # 11 | # OF PAGES |
|---|---|---|---|

CARRIER Bekins

AGENT # 5534

TAG LOT #    TAG COLOR yellow #    THRU    ORDER #

MILITARY PAY GRADE/RANK    VAN #

CUSTOMER NAME

### DESCRIPTIVE SYMBOLS

CP Packed by carrier
PBO Packed by owner
DBO Disassembled by owner
SW Stretch wrap
PB Professional books
PE Professional equipment
PP Professional papers

### EXCEPTION SYMBOLS

B Bent
BR Broken
BU Burned
CH Chipped
CU Contents/Condition unknown
D Dented
F Faded
FR Frayed
G Gouged
L Loose
M Marred
MI Mold/Mildew
MO Motheaten
P Peeling
PS Paint spot
R Rubbed
RU Rusted
S Stretched
SC Scratched
SH Short
SO Soiled
ST Stained
T Torn
W Badly worn
WM Water mark
Z Cracked

### LOCATION SYMBOLS

1 Arm
2 Bottom
3 Corner
4 Front
5 Left
6 Leg
7 Rear
8 Right
9 Side
10 Top
11 Veneer
12 Edge
13 Seat
14 Drawer
15 Center
16 Inside
17 Door
18 Shelf
19 Hardware

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 301 | | | | 4·5 | CP | Garage Items | |
| 2 | | | | Suit Case | PBO | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 305 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | Suit Case | PBO | | |
| 8 | | | | Tool Box | | RU1015, RU21512, RU10593. | |
| 9 | | | | Plastic tote | PBO | | |
| 310 | | | | Dolly | | M10152, W21512. | |
| 1 | | | | Armore | | LU241512, SC101512 + W21512 | |
| 2 | | | | 4·5 | CP | Garage Items | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 315 | | | | | | | |
| 6 | | | | 4·5 | CP | Garage Items | |
| 7 | | | | Plastic rack | | cu-used | |
| 8 | | | | | | | |
| 9 | | | | Plastic rack | | cu-used | |
| 320 | | | | Plastic tote | PBO | | |
| 1 | | | | 4·5 | CP | Garage Items | |
| 2 | | | | 1·5 | CP | Papers | |
| 3 | | | | 1·5 | CP | Papers | |
| 4 | | | | Small Box | PBO | | |
| 325 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 330 | | | | Small Box | PBO | | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature DAN DRe Mitchell | DATE 10/19/20 | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature | DATE |
|---|---|---|---|---|---|
| | OWNER OR AUTHORIZED AGENT MGGinsley | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature | DATE |

FORM NO. 1142 (Rev. 8/19)

CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY



**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

CARRIER: Belkins
AGENT #: 5536
CUSTOMER NAME: Angie McKiistry

TAG LOT #:
TAG COLOR: yellow
MILITARY PAY GRADE/RANK:

PAGE #: 12    # OF PAGES:
THRU:
ORDER #:
VAN #:

| ITEM # | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN |
|---|---|---|---|
| 331 | lamp | | un-used |
| 2 | lamp | | un-used |
| 3 | lamp | | un-used |
| 4 | Coat rack | | |
| 335 | Plastic tote | PBO | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 340 | | | |
| 1 | | | |
| 2 | | | |
| 3 | Plastic tote | PBO | |
| 4 | Plastic Bag | PBO | |
| 345 | Plastic tote | PBO | |
| 6 | | | |
| 7 | | | |
| 8 | Plastic tote | PBO | |
| 9 | Duffle Bag | PBO | |
| 350 | Duffle Bag | PBO | |
| 1 | large sofa | | |
| 2 | 6th phlts | CP | Brown papers |
| 3 | 6.0 | cp | Bedding |
| 4 | 6.0 | cp | Bedding - Lamp base |
| 355 | 6.0 | cp | Bedding |
| 6 | 6.0 | cp | Bedding |
| 7 | 8.0 | cp | Towels / Pillows |
| 8 | W.D | cp | clothes |
| 9 | W.D | cp | clothes |
| 360 | W.D | cp | clothes |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received

| AT ORIGIN | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE | AT DESTINATION | CARRIER OR AUTHORIZED AGENT (DRIVER) | DATE |
|---|---|---|---|---|---|
| | Signature: Dndre mitchell | 10/19/20 | | Signature: | |
| | OWNER OR AUTHORIZED AGENT: Angie McKiistry | 10.19.20 | | OWNER OR AUTHORIZED AGENT: | |

FORM NO. 1142 (Rev. 8/19)    CARRIER'S COPY – TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

THIS FORM IS TO BE USED ON INTERSTATE SHIPMENTS ONLY

**HOUSEHOLD GOODS DESCRIPTIVE INVENTORY**

| | | |
|---|---|---|
| CARRIER Bekins | PAGE # 13 | # OF PAGES |
| AGENT # 5586 | TAG LOT # K217508 COLOR Yellow # | THRU | ORDER # |
| CUSTOMER NAME Angie McKinstry | MILITARY PAY GRADE/RANK | VAN # |

**DESCRIPTIVE SYMBOLS**

| | | | |
|---|---|---|---|
| CP | Packed by carrier | PB | Professional books |
| PBO | Packed by owner | PE | Professional equipment |
| DBO | Disassembled by owner | PP | Professional papers |
| SW | Stretch wrap | | |

**EXCEPTION SYMBOLS**

| | | | |
|---|---|---|---|
| B | Bent | L | Loose |
| BR | Broken | M | Marred |
| BU | Burned | MI | Mold/Mildew |
| CH | Chipped | MO | Motheaten |
| CU | Contents/Condition unknown | P | Peeling |
| D | Dented | PS | Paint spot |
| F | Faded | R | Rubbed |
| FR | Frayed | RU | Rusted |
| G | Gouged | S | Stretched |

| | | | |
|---|---|---|---|
| SC | Scratched | | |
| SH | Short | | |
| SO | Soiled | | |
| ST | Stained | | |
| T | Torn | | |
| W | Badly worn | | |
| WM | Water mark | | |
| Z | Cracked | | |

**LOCATION SYMBOLS**

| | | |
|---|---|---|
| 1. Arm | 8. Right | 14. Drawer |
| 2. Bottom | 9. Side | 15. Center |
| 3. Corner | 10. Top | 16. Inside |
| 4. Front | 11. Veneer | 17. Door |
| 5. Left | 12. Edge | 18. Shelf |
| 6. Leg | 13. Seat | 19. Hardware |
| 7. Rear | | |

| ITEM # | ORIG. WHSE. | DEST. WHSE. | CUST. | ARTICLES | C.P. or P.B.O. | CONDITION AT ORIGIN | EXCEPTIONS AT DESTINATION |
|---|---|---|---|---|---|---|---|
| 86 1 | | | | 4,5 | cp | Closet | |
| 2 | | | | 4,5 | cp | closet | |
| 3 | | | | 3.0 | cp | clothes | |
| 4 | | | | white wicker chair | | R, SC, B, 9, R, & 13, R | |
| 5 | | | | white wicker chair | | M, SC, B, 9, R, SC, 13, 9 | |
| 6 | | | | D.p | cp | Bath items | |
| 7 | | | | plastic tote | pBOCU | | |
| 8 | | | | plastic tote | pBOCU | | |
| 9 | | | | plastic tote | pBOCU | | |
| 57 0 | | | | plastic tote | pBOCU | | |
| 1 | | | | plastic tote | pBOCU | | |
| 2 | | | | plastic tote | pBO CU | | |
| 3 | | | | plastic tote | pBO CU | | |
| 4 | | | | plastic tote | pBO CU | | |
| 5 | | | | plastic tote | pBO CU | | |
| 6 | | | | plastic tote | pBO CU | | |
| 7 | | | | patio chair | | R, SC, Ru, 13, R, F, 8, 9 | |
| 8 | | | | patio chair | | R, SC Ru, 18, R F, 8, 9 | |
| 9 | | | | patio chair | | R SC Ru, 13 R F, 8, 9 | |
| 58 0 | | | | patio chair | | R, SC, Ru, 18, R, F, 8, 9 | |
| 1 | | | | patio table | | R, SC, Ru, 13, R, F, 8, 9 | |
| 2 | | | | patio table | | R, SC, 10, R, SC, 8, 9, R | |
| 3 | | | | patio chair | | R, SC, Ru, 13, R, F, 8, 9 | |
| 4 | | | | patio chair | | R, SC, Ru, 18, R, 1 13, 9 | |
| 5 | | | | patio table | | 10, R, SC, 8, 9, R, SC, Fi | |
| 6 | | | | M.p | cp | mirror | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 39 0 | | | | | | | |

Remarks/Exceptions

We have checked all the items listed and numbered to inclusive and acknowledge that this is a true and complete list of the goods tendered and of the state of the goods received.

| | | | | |
|---|---|---|---|---|
| **AT ORIGIN** | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature D'Andre mitchell | DATE 10/19/20 | **AT DESTINATION** | CARRIER OR AUTHORIZED AGENT (DRIVER) Signature |
| | OWNER OR AUTHORIZED AGENT Angie McKinstry | DATE 10.19.20 | | OWNER OR AUTHORIZED AGENT Signature |

FORM NO. 1142 (Rev. 8/19)        CARRIER'S COPY - TO BE SCANNED WITH ALL SHIPPING DOCUMENTS

**EXHIBIT C**



**Statement of Claim for Lost or Damaged Goods**

### Details - Individual

**Order Number: 5536-1488**
Name: KATHERINE MCKINSTRY
Email: angevine@rmgtv.com
Home Phone: (505) 259-8536
Alt. Phone:
Shippment Type: Individual
Valuation Correct on Bill of Lading: No
Valuation Type: Full Replacement Valuation Protection (FRVP)
Deductible: 0

### Origin

1621 Soplo Rd SE
Albuquerque,NM
87123

### Destination

3709 S Vintage Way
Boise,ID
83706

| Image | Inv# | Type | Article | Packing Details | Estimated Weight | Present Value | Original Cost | Amount Claimed |
|---|---|---|---|---|---|---|---|---|
| | unknown | Damaged | Decor | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images | | | | $100.00 |
| Broken | | | | | | | | |
| Can be repaired: No | | | | | | | | |
| | unknown | Damaged | Solid Cherry Dresser | Packed: Yes<br>Packed by: Mover<br>Carton Damaged: Yes<br>Carton Damage Images<br>Carton Damage Images | unknown | $1,000.00 | $1,000.00 | $1,000.00 |
| Scraped surface. Item was brand new to house. | | | | | | | | |
| Can be repaired: No | | | | | | | | |